## Case No. 1,765.

### BRADFORD v. BOUDINOT.

[3 Wash. C. C. 122.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

EXECUTORS AND ADMINISTRATORS — POWER AND DUTIES— ALLOWANCE OF DEMANDS — EXECUTOR DE SON TORT.

1. Defendant obtained letters testamentary from the register's office in Philadelphia, to a supposed will of W. B., which, on an issue, was determined not to be the will of W. B. In relation to another supposed will, the same determination took place, and letters of administration to the estate of W. B., were then granted to the plaintiff. While the controversy as to the first supposed will was pending, the defendant took possession of the estate of W. B., and went on to administer the same, until the appointment of an administrator pendente lite, to whom the defendant delivered all the effects of W. B. The defendant having received letters testamentary on a will duly proved, was authorized to perform every act proper for an executor to do, notwithstanding the pendency of the question relative to the validity of the will.

2. The defendant was authorized, and it was his duty, (believing the paper to be the last will of W. B.) to support the first probate; and he is entitled to retain out of the estate, the expenses he was put to in that litigation; as also, the usual commissions for managing the estate while in his hands. There is no ground for considering the defendant an executor de son tort, in this case.

In equity. Bill for an account of the personal estate of William Bradford, which had come to the hands of the defendant. The case was, that upon the death of William Bradford, a will was found, in all respects regular, in which the defendant was appointed the executor. He accordingly proved the same in the register's office, and obtained letters testamentary, and possessing himself of the estate of the testator, proceeded to pay and receive debts, and in all respects to discharge the duties of an executor. Not long after the probate, the plaintiff obtained a caveat, (as the bill states;) and the register's court directed a feigned issue to the court of common pleas, to try whether this was the will of William Bradford. This question was finally decided, in the supreme court, not to be the will of said Bradford. A second will was then offered for proof by the executor named in it, which was finally decided not to be the last will; and administration was granted to the plaintiff. During the contest respecting the second will, an administrator pendente lite was appointed, to receive the estate and take care of it, to whom the defendant delivered over all the property not administered. The cause now came on, upon exceptions to the commissioner's report, made under an order of this court. The exceptions were as follows—1. To the allowance made for funeral expenses. The whole amounts to about 500 dollars, and includes the expenses of the widow during the funeral. 2. To other small sums, amounting in all to 215 dollars, having been expended by the defendant for fees, costs, and expenses, in the contest respecting the first will, on which he had obtained letters testamentary. It was contended, that the defendant was to be considered, after the repeal, as an excutor de son tort, entitled to credit only for debts paid. Godol. 50; Burn. Ecc. Law, 610. 3. Exception to the allowance of commissions. The other exceptions, the parties agreed to arrange. [Exceptions overruled.]

WASHINGTON, Circuit Justice, delivered the opinion of the court.

The defendant, having received letters testamentary upon a will regularly proved before a competent tribunal, was authorized to perform all those acts, which an executor has the general power to perform, notwithstanding the pendency of a litigation respecting the validity of the will. The 18th section of the act [2] of this state of the 13th of April, 1791 [3 Laws (Pa.) 34], sanctions all his acts pending the contest, unless where an administrator pendente lite is appointed; which, upon the refusal of the executor, to give security for the faithful execution of the will, the register is authorized to appoint. No such appointment was made in this case, nor does it appear that the defendant refused to give such security.

The defendant was not only authorized, but it was his duty, believing the first will to be the real last will and testament of William Bradford, (which he asserts in his answer he did,) to support the decision of the register in favour of that will; and he was entitled to the aid of the estate, to discharge all reasonable costs and expenses incurred on that account. Upon the same reason, he is entitled to the compensation usually allowed to an executor, for his pains and trouble in the management of the estate, whilst it remained in his hands. The allowance made by the commissioner for funeral expenses, is by no means deemed unreasonable. This is not a question, which in any respect affects creditors; and the whole sum allowed is but a trifle, when taken from the large amount of personal estate which is to be distributed. The exceptions, therefore, are overruled; it being understood that the parties have agreed to settle, amicably, the subjects included under the fourth and fifth exceptions.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] The act is, "that no appeal from the register's court, concerning the validity of a will, or right to administer, shall stay the proceedings, or prejudice the acts of an executor or administrator pending the same, if the executor shall give sufficient security for the faithful execution of the will;" but in case of refusal, the register is directed to appoint an administrator during the dispute, which shall suspend the power of the executor during that time.