# Geddis's Appeal.

Whether the costs of the trial of an issue of *revocavit vel non* are to be charged to the estate of the testator, and credited in the administration account of the executor or administrator who was a party to it, depends upon the interests involved in the issue. If the costs accrued in defending the interests of the estate, the costs are a proper credit in the account of the executor or administrator.

APPEAL by William Geddis, executor of Robert Geddis, who was the administrator of John Sawyer, deceased, from the decree of the orphans' court of Dauphin county. By the decree, Robert Geddis was charged with the sum of 637 dollars and 24 cents, with interest; and a credit claimed by him, of the sum of 685 dollars and 71 cents, was struck out.

John Sawyer the elder died, leaving a will, appointing Robert Geddis his executor, who proved the will in the usual mode, and took out letters testamentary, and entered upon the administration of the assets. The testator left a number of children, devisees and legatees under the will. His son, John Sawyer, Jun., soon afterwards

alleged that, by a conveyance which the testator had made to him in his life time, he had revoked his will, and the register's court directed an issue, in May 1814, of *revocavit vel non,* in which he made John Sawyer, Jun., son of the testator, plaintiff, and the executor, R. Geddis, defendant. This issue was tried, and a verdict and judgment rendered for the plaintiff, in March 1818, on which the defendant, Geddis, in 1820, took out a writ of error to the supreme court. In the meanwhile, Sawyer procured releases from all the different children of his father, and all who were interested in supporting the will, except the children of Robert Geddis, the executor, who had been married to a daughter of the alleged testator, since dead, leaving children. Under these circumstances, Geddis, on the 22d of April 1822, discontinued the writ of error, having, on the 16th of March 1822, paid to the plaintiff, Sawyer, the sum of 685 dollars and 71 cents, the amount in dispute, being the plaintiff's, Sawyer's, bill for costs paid by him on the feigned issue. On the same day, Geddis had received from a debtor of John Sawyer, the elder, the sum of 637 dollars and 24 cents, in a note transaction between himself and others. The appellant alleges that he ought not to be charged with the sum of 637 dollars and 24 cents; but, if he is, he ought to be credited with the sum of 685 dollars and 81 cents paid on the same day to Sawyer. It further appears that R. Geddis afterwards took out letters of administration to the estate of John Sawyer, the elder.

*I. A. Fisher,* for appellant.
*Foster* and *Wiedman,* for appellee.

The opinion of the court was delivered by

SERGEANT, J.—It is clear that the estate of Robert Geddis should be charged with the 637 dollars and 24 cents: it being proved that he received that amount in a note given by John Sawyer, Jun., to John Boal, which Boal passed over to Geddis in exchange for two notes which R. Geddis, in right of J. Sawyer, the elder, had against Boal. It would seem that Geddis employed this note of J. Sawyer, Jun., in paying off the 685 dollars and 71 cents; and he thus used the assets of J. Sawyer's, the elder's, estate to pay this money. And the question is, whether he paid a debt chargeable to the estate, or a debt which he alone was bound to defray; or, in other words, whether the costs paid on the feigned issue ought to be borne by the executor individually, or by the representatives of J. Sawyer, the elder?

It appears to us, that the appellant ought to be allowed to charge these costs in his account. They are incurred as executor and not in his individual capacity or to maintain his individual interests. Being appointed executor, having proved the will, and assumed the performance of his duty as trustee under it, he was bound to support it against the attack of one who claimed an opposite inte-

rest to the will, and alleged that it was revoked. At least this must be deemed his duty, unless the devisees and legatees chose to abandon their claims under the will, and give up their rights, and required him to yield to their opponent. It would be exceedingly harsh to make him pay out of his own pocket expenses incurred apparently for the benefit of others. It is true the legatees chose afterwards to withdraw their claims, and release them to J. Sawyer, Jun.; and when they had done so, there was no reason for continuing the contest, unless it had been for his own children, which perhaps he was right in declining, especially as it appears they also soon after released. But all this was after the issue had been directed, and the suit had gone on.

Whether or not a party carrying on an issue of *devisavit vel non* is to be allowed the costs he is obliged to pay, must depend, as is said by the chief justice, in Koppenhaffer *v.* Isaacs, 7 *Watts* 170, upon whether he is litigating for his individual interests, or for the benefit of the estate. Here we think the latter was the case. Geddis had no interest in the question whether the will was revoked, except as executor and trustee for others. He was performing a duty for them, imposed on him by the register, and which, if the funds of the estate were adequate, he could not have declined embarking in; and even the assent of the devisees and legatees to his doing so might fairly be presumed, in the absence of evidence to the contrary. As to the decision in the former account as executor, which it has been urged is conclusive in this, it is sufficient to say that the present items were not passed upon in any former account; and, as to the principle on which the former decision in the orphans' court took place, we are bound to presume that the facts and circumstances appearing to that court were different from those existing in the case before us.

We, therefore, are of opinion that the decree of the orphans' court in this case be reversed, so far as respects the item of 685 dollars and 71 cents, and that the appellant be credited therewith, as of the 16th of March 1822, and that he be charged with the sum of 637 dollars and 24 cents, as moneys received on the same date.

Decree accordingly.