## Mumper's Appeal.

An executor is not entitled to a credit in his administration account for the amount of fees paid to counsel for their professional services in trying an issue of *devisavit vel non*, involving the validity of the will of his testator.

THIS was an appeal by John Mumper from the decree of the Orphans' Court of *York* county, sustaining the exception to the report of auditors on the account of Henry Sidle, executor of the will of Michael Mumper, sen'r, deceased.

Michael Mumper, sen'r, died on the 1st of June 1837. On the

III. — 56

3d of July 1837, his will was proved before the register of York county, and the same day letters testamentary were granted to Henry Sidle, the executor named in the will. On the 16th of July 1837, John Mumper, a son and heir of Michael Mumper, sen'r, appealed from the probate of the will to the Register's Court of said county, alleging as the ground of his appeal, that the will was procured by an undue influence exercised on the mind of Michael, and that Michael was, on account of weakness and imbecility of mind, incapable of making a will.

On the 8th of August 1837, an issue was directed, at the instance of the appellant and others, by the Register's Court, to the Common Pleas of said county, to try the validity of the will, in which issue Sidle was made plaintiff, and John Mumper and Abraham Mumper defendants. A trial was had on this issue on the 21st of November 1838, and the jury found a verdict in favour of the plaintiff, establishing the validity of the will.

On the 15th of January 1839, Sidle settled in the register's office his account as executor of Michael Mumper, sen'r, which regularly passed the Orphans' Court of said county on the 19th of February 1839. In this account he claimed credit for $600, money paid to counsel for professional services in the issue to try the validity of the will. On the 26th of February 1839, John Mumper, one of the sons and heirs of Michael Mumper, sen'r, excepted to these credits. The exceptions were referred to auditors, who disallowed the credits, and Sidle excepted to the report of auditors disallowing them. The Orphans' Court on the 27th of September 1841, sustained the exception, and allowed the credits, from which decree John Mumper appealed.

Error assigned :

The Orphans' Court erred in sustaining the exception to the report of auditors, and thus deciding that the counsel fee for trying the issue of *devisavit vel non* should be paid out of the estate.

*Campbell* and *C. A. Barnitz*, for appellant, cited 2 *Watts* 332; 7 *Watts* 170; 9 *Watts* 284; *Act of* 15*th March* 1832, *sec.* 13.

*Ramsey* and *Mayer, contra.* The executor had no interest whatever in the estate, other than to carry into effect the will of the testator; and clearly, this should be done at the expense of the estate. Besides, he was made a party to the issue by those who were interested; he should therefore be reimbursed for his expenses. 7 *Watts* 386; 1 *Nott & M'Cord* 326; 6 *Greenleaf* 48; 3 *Wash. C. C.* 122; 2 *Penn. Rep.* 326; 2 *Hen. & Mun.* 9; *Harper's Eq. Rep.* 233; *Wms. Exrs.* 1141; 6 *Watts* 85; 3 *Binn.* 498; 5 *Rawle* 80; 7 *Paige* 343.

The opinion of the Court was delivered by

KENNEDY, J.—There is no doubt but all the ordinary expenses

of administering the estate of the testator by the executor, according to the directions of the will, ought to be paid out of the estate. But it does not appear to me that the $600 claimed by the executor, and allowed him by the Orphans' Court, as a credit in his administration account of the estate, by way of compensation to counsel for their professional services rendered at his request, upon the trial of a feigned issue directed by the Register's Court, for the purpose of testing the validity of the will, can be considered with any propriety part of the expenses incurred in the administration of the estate. Generally, I take it, that the ordinary costs and expenses incurred by him in either prosecuting or defending a suit, as executor, for the benefit of the estate, are to be paid out of it. This would seem to be right upon the general principle that a trust estate must bear the expense of its administration. But suppose, in this case, that the issue joined for the purpose of proving the validity of the will, had been decided against the executor, can it be imagined that he would be entitled to retain out of the estate which had come into his hands, not only the legal costs of the issue for which judgment had been rendered against him, but likewise the $600 paid by him to counsel for their advice and professional services given in order to sustain the will? As regards the quantum of the estate, it is a matter of indifference whether there be a will or not. Will or no will, is a question which cannot affect the estate, in this respect, in the slightest degree: but it may be, and generally is a matter of great interest to those who claim as legatees or devisees under the writing purporting to be a will. They are the only persons interested in establishing it as a will. While on the other hand, the heirs at law, or next of kin to the deceased, who are either excluded by the writing from receiving any portion of the estate, or as much of it as they would be entitled to in case of intestacy, are the persons principally interested in opposing the establishment of the writing as a will. If the person appointed by it as executor, be named also as a legatee or devisee, then as such he may be deeply interested also in establishing it to be the last will of the deceased. But it is clear that creditors and the rest of the world have no interest whatever in the question. It would therefore seem to be just, as well as equitable, that those who have an immediate and direct interest in the question, should be left to contest and bear all the costs and charges attending it. It ought to be left to them to employ counsel or not, as they please; and consequently to bear the expenses of doing so. If left to those named in the writing as legatees or devisees, to employ counsel, when thought advisable, they can, by agreement among themselves, apportion the expenses of it according to their respective interests, which would certainly be both equitable and just. But if it be left to the person or persons named in the writing as executors, who have no other interest in it, to employ and pay counsel out of the estate for their services

rendered in establishing the will, it is not only leaving it to persons who have no private interest in the matter to restrain them from being prodigal at the expense of those immediately interested in establishing the writing as a will, but it will, wherever there are residuary legatees or devisees, throw the whole expense upon them, if their interest should be sufficient to meet it; and if not more than sufficient, would leave them nothing. This, if just, would certainly not seem to be equitable. The person named as executor in the writing, when advised that its validity as a will is about to be contested, ought to give notice to those who are named in it as legatees or devisees, so that they may employ counsel, if deemed requisite, or authorize him to do so at their expense. If they, after being so notified, do not choose to employ counsel or authorize any to be employed on their behalf, they must abide the consequences, and will have no reason to complain if the writing be not established as a will, seeing they were not willing to encounter the expense with which the employment of counsel would have been attended. The decree of the Orphans' Court is reversed, as to the allowance of the credit of $600, paid counsel for professional services in the issue to try the validity of the will; that sum is ordered to be stricken out of the account, and that being done, the decree is affirmed as to the residue of the account.

Decree reversed.