Leavenworth
*v.*
Marshall.

—◆—

## LEAVENWORTH and another *against* MARSHALL:

### IN ERROR.

In all cases where an appeal from a decree of probate respects rights and claims contested between heirs, devisees and legatees, the expense is to be defrayed by the parties in interest; and they all ought to be notified, and made parties on the record.

Therefore, where an appeal was taken, by an heir at law, from a decree of probate establishing a will, under which the executors, and some other persons, were personally entitled to certain legacies; all the persons thus interested were made parties to the proceeding; and ultimately, the decree appealed from was affirmed; on a subsequent appeal from other decrees, charging the whole expense of establishing the will upon the property devised to the residuary legatees, and directing lands to be sold to defray such expense: it was held, that the last-mentioned decrees were erroneous, and ought to be set aside.

Where the widow and family of a deceased person have adequate provision made for their support, either by will or in any other manner, they are not entitled to a support out of the shares of others, not members of the family.

Therefore, where a testator made such provision for his wife as he deemed adequate and proper, which she accepted and went into possession of; the settlement of the estate was protracted, by litigation, for three or four years; and she, being executrix, charged in her administration account 430 dollars for her support during such settlement, and 480 dollars more for interest on a pecuniary legacy given to her; it was held, that a decree, allowing such account, and charging her support, as well as interest on her legacy, upon the property given to the residuary legatees, was erroneous.

*Qu.* as to notice of sale under a decree of probate.

*Qu.* as to legacies chargeable upon real estate.

THIS was an appeal from three orders of the court of probate for the district of *Farmington*, made in the settlement of the estate of *Preserved Marshall*, late of *Avon*, deceased : one allowing and settling the administration account of *Ruth Marshall*, the widow of the deceased, and the surviving executor of the will; another, for the sale of the real estate of the deceased; and a third, accepting and approving the return of sale.

The testator, by his will, bearing date *October* 7th, 1842, devised and bequeathed to his wife a legacy of 3000 dollars, to be paid to her out of his estate, all his furniture, carriages, cattle, farming tools and sundry other articles of personal property; and the use and improvement of his dwelling-house, barn and out-buildings, with the house-lot upon which the buildings stood, containing about five acres, during her natural life. He also devised to the widow of *Oliver C. Marshall*, and to her children, certain other real estate; and gave to *Rebecca North* and *Calvin Barber*, each, a legacy of 200 dollars, to be paid out of his estate. The residue of his property, both real and personal, he gave to the appellants, after his just debts and legacies were paid: and his wife and said *Barber* were appointed executors.

In *April*, 1843, the testator died. In *May* following, his will was duly proved, and approved by the court of probate; and in *November* 1844, *Eliakim M. Humphrey*, one of the heirs at law, appealed from the decree approving the will, to the superior court; and that decree was ultimately affirmed. All the devisees and legatees were made defendants to that suit. *Barber*, one of the executors, died, in *February* 1846.

On the 1st day of *December* 1846, *Ruth Marshall*, as surviving executor, presented to the court of probate the following account :

The estate of *Preserved Marshall* in account with *Ruth Marshall*, executrix.

| | |
|---|---|
| To claims reported by commissioners, paid, | $244.98 |
| " funeral expenses and monument, | 98.28 |
| " fees, appraisers, commissioners, probate and copies, | 37.25 |
| " error in inventory *de* money in Mrs. *Marshall's* hands, | 50.81 |
| " personal services of *C. Barber*, exr., and cash paid out, as per bill on file, | 223.95 |

*Hartford,*
*June, 1849.*

Leavenworth
*v.*
Marshall.

To personal services of Mrs. *Marshall*, exr., and
 moneys paid out, on settlement of estate, in-
 cluding family support two years, as allowed,
  *per* bill,             898.36
" support of family two years, as allowed,    212.57
" taxes paid, and not otherwise charged,    13.74
" personal property set to the widow under the will,  728.64
' legacy to *Ruth Marshall* and interest,    3480.00
"  "  " *Rebecca North*, "   "    232.00
"  "  " *Calvin Barber*, "   "    232.00
" loss on sale of personal property, as per return,  90.27
  Reserved for future expenses,     10.00

                $6552.85

### Cr.

By amount of inventory of personal property,   $4333.88
" personal property not inventoried,     7.63
" balance of dividends and interest,     676.97
" avails of farm,          595.26
" interest on bank deposit,       88.70
" income of farm, not before added,     37.50
" order of sale of real estate,      812.91

                $6552.85

This account was allowed by the court, and an order made, authorising the executrix to sell real estate of the deceased, to the amount of that balance, either at public or private sale, after giving notice, by posting and advertising, if the sale should be public. The administratrix made return to the court, that she had sold certain lands of the deceased, at private sale, to *N. P. Case*, for 815 dollars; which return was accepted by the court. The administration account was presented to the court, the order of sale given, and the return of sale made and accepted by the court, all on the same day. And the real estate sold was that to which the appellants would otherwise have been entitled, under the will.

Various reasons were assigned, by the appellants, for their appeal; and they claimed, among other matters, that the expenses of managing the real estate, and the expense of defending the appeal, taken by the heir, could not be legally

charged against the estate ; that various mistakes had been made in adding up the accounts ; that the order of sale required no notice to be given, and that none in fact was given, previous to the sale ; that the legacies were not chargeable upon the real estate ; and that interest was improperly allowed upon them ; and finally, that the sale was made by collusion with the purchaser, to defraud the appellants.

*Hartford,*
June, 1849.

Leavenworth
*v.*
Marshall.

While the cause was pending in the superior court, the parties agreed that the account should be taken, and the facts therein found, by two auditors, whose report should be binding upon them, in the same manner, and to the same extent, as if they had been appointed by the court. The auditors accordingly heard the parties, and made their report to the superior court, holden, by adjournment, at *Hartford,* in *May* 1849.

They found, that the items against the estate were legally and properly charged ; and that no item was embraced in the account, relating to the personal expenses of the executors, except such as were incurred in the proper administration of the estate, or were for the support of the widow during the settlement of the estate ; that the defense of the appeal taken by the heir, was assumed and prosecuted by the executors, with the consent and approbation of the appellants, in the present suit ; and that their expenses and charges incurred in that defense, amounted to the sum of 444 dollars, 8 cents, and were justly and fairly made and properly charged against the estate.

They likewise found, that various mistakes had been made in the account, and the amount of the errors.

They further found, that the sum of 430 dollars, 9 cents, was allowed her, in her account, for her support, during the settlement of the estate ; that she received the net income of all the real estate, retained that portion of it which arose from the real estate devised to her, and appropriated the residue for the benefit of the estate, by consent of the appellants, and pursuant to their directions.

The appellants, before the auditors, offered no evidence in support of their claim, that the sale of real estate was fraudulently made, claiming that it was not a proper subject for their consideration. The auditors, however, heard evidence offered upon the other side, and found the sale valid, and notice of the sale to be unnecessary.

They also found, that the amount of the inventory of the personal estate, was 4333 dollars, 83 cents; and the amount of the debts and legacies, including the interest on the legacies, was 4373 dollars, 62 cents.

Against the acceptance of this report, the appellants remonstrated, assigning various reasons, and upon the hearing before the superior court, offered evidence to prove, that the sale made by the administratrix was fraudulently and collusively made. But the court rejected the evidence, upon the ground that the auditors had jurisdiction of that subject, and had settled the facts, accepted the report and affirmed the several decrees of the court of probate.

The appellants thereupon filed their motion in error, and brought the case before this court for revision.

*Welles* and *Hooker*, for the plaintiffs in error, contended,
1. That the expenses of defending the appeal ought not to be allowed. *Curtis* v. *Northrop, Sw. Ev.* 355. The consent of the appellants that the executors should defend, cannot affect the case. The executors were in fact acting only as legatees, and in behalf of legatees. They were themselves legatees, and were cited in, not as executors, but as legatees.

2. That the legacies were not charged on the real estate ; neither in express terms, nor by necessary implication. *Swift*, exr. v. *Edson*, 5 *Conn. R.* 531. 536. *Gridley* & ux. v. *Andrews*, 8 *Conn. R.* 1. 4. 1 *Roper* on *Legacies*, 454. There was abundant personal property to pay these legacies, at the time the will was made.

3. That there was an unreasonable and improper allowance of support for the widow.

In the first place, the allowance of any support after the end of the first year, was improper. The specific and pecuniary legacies were then fully received and enjoyed ; and the widow had then received all that she was ever to receive, as a distributive share of the estate. There was no family except herself. The object of the statute is to support the widow, until she gets her share of the estate. *Stat.* 361. § 62. 356. § 44.

Secondly, in this case, no specific decree was ever made, for the support of the widow.

Thirdly, there is no designation of items in the account, but simply a charge of 898 dollars, 36 cents, for personal services, &c. " including family support for two years."

4. That no legal order had been given for the sale of personal property.  The court can speak only by its records. It appears by the report, that there was only a parol order of the judge.  *Sherman* v. *Talman*, 2 *Root*, 140.   *Williams* v. *Fitch*, 2 *Root* 520.

5. That the order of sale of real estate was void, because it required no notice of the sale, and none was in fact given. *Stat.* 245. § 1. ( ed. 1838.)

6. That the expenses of managing the real estate should not have been allowed.  *Goodrich* v. *Thompson*, 4 *Day* 215. The fact that the executors were acting as agents of the appellants, and at their request, does not give the probate court jurisdiction.   They could only act by express authority ; and that authority would enable them to maintain a suit at law for their expenses.

7. That the court should have rejected the report, because the auditors exceeded their jurisdiction ; and for the same reason, should have admitted the evidence, offered by the appellants, to prove fraud in the sale of real estate.   The auditors had simply the power of auditors, appointed in cases where the law allows of such appointment.   Their powers were confined to *the account.*

8. That the auditors should have received the evidence offered by the appellants to prove the amount of the personal property, and debts and legacies, at the time the will was made.   This evidence was offered solely upon the question of the legacies being charged on the real estate ; and this question was wholly disconnected from that with regard to the legality of the settlement of the administration account ; since the legacies might be properly allowed in such settlement, even if not charged on the real estate.   The amount of the personal property, at the time of making a will, with reference to legacies and debts, is made an express ground of inference, as to the intent of the testator to charge the real estate.   *Gridley* & ux. v. *Andrews*, 8 *Conn. R.* 1. 4.

*Hungerford*, for the defendants in error, contended, 1. That the appellants were properly held chargeable with the expense of defending the will.

*Hartford,*
June, 1849.

Leavenworth
*v.*
Marshall.

In the first place, Mrs. *Marshall* and Mr. *Barber* were so cited in as to impose upon them the obligation of defending the will, in every capacity, in which they stood in relation to it; and in every such capacity, would have been bound by the result.

Secondly, it was their duty, *as executors,* to defend the will, as much as to prove it in the first instance. *Brown* v. *Gibson* & ux. 1 *Nott & McCord,* 326.

Thirdly, it is obvious from the will, that the testator *intended,* that his debts, legacies, specific devises and the expenses incident to the settlement of the estate, should be first paid, and that the appellants should take only what then remained.

Fourthly, the executors undertook the defense, at the request, and with the assent of the appellants, although it was their duty to do so, independently of such assent.

Fifthly, the only safe rule which can be adopted, as to costs, in cases of this kind, is the chancery rule of adjusting them according to the circumstances of each case. Such an act of *discretion* is not the subject of error.

Sixthly, the decision in *Curtis* v. *Northrop, Sw. Ev.* 355., upon which the appellants wholly rely, was only a decision of the superior court, and although very just in that case, it is neither just in this case, nor applicable to it.

2. That as the *residuum* of the estate is given, by the will, to the appellants, only after the debts and legacies are paid, it stands charged, of course, with the payment of such debts and legacies. *Tompkins* v. *Tompkins, Prec. Chan.* 397. *Trott* & al. v. *Vernon,* 2 *Vern.* 708. *Newman* v. *Johnson,* 1 *Vern.* 45. *Harris* v. *Ingledew,* 3 *P. Wms.* 91. 98. n. 2. *Brudenell* v. *Boughton,* 2 *Atk.* 268. *Lupton* v. *Lupton,* 2. *Johns. Ch. R.* 614. 1 *Roper on leg.* 448. *& seq.* The construction of the will upon the question whether the real estate was chargeable with the legacies or not, could not be varied, by parol evidence as to the amount of personal property or debts of the deceased, at the time the will was made. *Brainerd* v. *Cowdry,* 16 *Conn. R.* 1. 1 *Roper on Leg.* 451.

3. That the allowance made for the support of the widow, constitutes no ground of error.

In the first place, the statute authorises the probate judge, at his discretion, to make an allowance for support, during

the settlement of the estate, and confines the allowance to no definite period.

Secondly, whether the allowance was proper or not, was, in the first instance, a question to be determined by the court of probate, as a matter of fact, and was so determined by him ; and has since, as a matter of fact, been so determined by the auditors.

Thirdly, there are no facts apparent upon the record upon which this court can determine that the allowance was improper.

4. That the order for the sale of real estate, was valid, although it did not require notice to be given, and none was given.

In the first place, in case of an order for the sale of real estate *at private sale*, the statute then in force required no notice of the time and place of sale to be given. The sale was in fact made in compliance with the order.

Secondly, the order of sale, being good upon its face, the purchaser is not bound to look beyond it, and his title would be good, although the order should be reversed.

5. That the expense of the executrix in managing the real estate, was a proper charge against it.

It may be remarked, in the first place, that although the executor, as such, may have little controul over, and no right to the possession of, the real estate ; yet, by general usage, the executor takes the management of the real estate, during the settlement, with either the express or tacit consent of the parties in interest ; and the account, as in the present case, is adjusted by the court of probate ; and when so done, it is valid.

Secondly, the management of the farm, in this case, was with the consent of the appellants, who were the parties in interest ; and the income was appropriated according to their direction.

Thirdly, the auditors have found, that all the charges embraced in the account of the management of the farm, were properly embraced. (*a*)

(*a*) There were some other points touched upon in argument, by the counsel on both sides, which the decision of the court renders it unnecessary to state.

*Hartford,*
June, 1849.
———————
Leavenworth
*v.*
Marshall.

WAITE, J. Numerous questions have been presented upon the record, in this case, for our consideration. But as the case comes before us, by motion in error, if any one of the reasons assigned for the reversal of the judgment of the superior court, is deemed sufficient, that judgment must be reversed, whatever the court may think as to the validity of the other reasons.

We shall therefore consider only some of the principal questions involved. One of them is, whether the whole expense of establishing the will, before the superior court, upon an appeal taken by one of the heirs at law, was justly chargeable upon the property devised to the residuary devisees, and the order of the court directing their lands to be sold, for that purpose, was properly made.

Where an appeal is taken, by an heir at law, from a decree approving a will, the controversy is not against the executors, but against the devisees and legatees, who may claim the estate under the will. They should be made the defendants, and brought before the court. And it is their business, if they think proper, to assume the burden of establishing the validity of the will.

The law, upon this subject, was correctly laid down, nearly half a century ago, by the superior court, in the case of *Curtis* and wife v. *Northrop*, exr., reported in *Swift's Evidence*, 355. The authority of that case has been sanctioned, by a long and uniform practice, and the approval of this court. *Comstock* v. *Hadlyme Society*, 8 *Conn. R.* 254.

The court, in that case, held, that " in all cases, where the appeal respects rights and claims contested between heirs, devisees and legatees, the expense shall be defrayed by the parties in interest; and for this purpose, they all ought to be notified, and made parties on the record."

In this case, the executors, as such, had no interest in the controversy; as legatees, they had an interest. *Barber* was entitled to a legacy under the will of two hundred dollars. A legacy of three thousand dollars was given to the widow, besides furniture and other articles, to a considerable amount, and the use of a portion of the real estate. Other persons also were interested, and all were made defendants in that suit. And yet they are made to contribute nothing towards the expense of establishing their claims under the will; and

the whole expense is thrown upon the property devised to the appellants, because they were residuary devisees.

It is true, these other persons were not bound to appear and defend, unless they thought proper so to do. The appellants might have assumed the whole burden of the defence, and all the expenses attending it. But does it appear, that they have done so? It is insisted, on the part of the defendant, that it does, from the report of the auditors.

But we do not so understand that report. It merely says, that the defence was assumed and prosecuted by the executors, with the consent and approbation of the appellants; that the expenses and charges were justly and fairly made, and properly charged against the estate. But it is no where found, that the appellants agreed to defray the whole of those expenses; or that their lands might be sold under an order of the court, for that purpose.

The auditors were appointed by the parties, to take the account, and find the facts in reference thereto. So far as the amount of the charges, and their reasonableness, is concerned, perhaps the finding of the auditors is conclusive. But the report sets forth no facts justifying the inference, that the charges were properly made against the estate. The mere fact that the appellants assented to the course pursued by the executors, in the defence, in our opinion, is not sufficient for that purpose. To justify the course pursued by the executrix, it is necessary for her to go further, and show that the appellants authorized her to pursue that course. This a majority of the court think she has failed to do. (*a*)

It is said, however, that it is the duty of the executors to cause the will to be proved; and consequently, they have a right to charge the necessary expenses attending that proceeding. We do not mean to be understood, as saying, that where there is no controversy respecting the validity of a will, the executors may not cause it to be proved, at the expense of the estate. But they have no right, as in this case, to carry on an expensive litigation, and reimburse themselves out of the portions given to the residuary devisees.

The defendants in the suit brought by the heir, stood much

(*a*) ELLSWORTH, J. came to a different conclusion on this matter of fact; but did not otherwise dissent from the views of his brethren.

in the same situation, as if they had been defendants in a suit in chancery, having different interests in the subject matter of the suit. All, or any of them, might appear, and defend, either jointly or separately; and any agreement as to the manner of defraying the necessary expenses, might be enforced in the one case, as in the other.

We are therefore of opinion, that the superior court, in this respect, erred, in affirming the decree of the court of probate approving of the administration account.

2. Again, it appears from the record, that the executrix charged in her account, which was allowed by the court, the sum of 430 dollars, 69 cents, for her support during the settlement of the estate; and the sum of 480 dollars more, for interest upon the pecuniary legacy given her, in the will. We do not see upon what ground this proceeding can be vindicated;—nor why the appellants should be charged with the payment of both these sums.

The testator, in his will, made such provision for his wife, as he deemed adequate and proper, and such as, it seems, she was willing to accept. Shortly after his death, she caused that will to be proved, and went into possession of all that was given her under the will, both real and personal; and in that possession, it does not appear, that she was ever disturbed. The appeal, indeed, delayed the final settlement of the estate, but did not prevent her from enjoying the property given to her by her husband. Why then, was her support charged upon the property given to the appellants, rather than upon her own?

We are aware, that courts of probate have long exercised the power of making allowances for the support of a family, when necessary, during the settlement of the estate; and that power has been confirmed by statute. But the power of taking the property of an heir or devisees, and appropriating it for the benefit of others, without the consent of the owner, ought to be cautiously exercised, and never carried beyond the necessary requirements of the case.

The true rule upon this subject is this. Wherever the widow and family of a deceased person have adequate provision made for their support, either by will, or in any other manner, they are not entitled to a support out of the shares

of others, who are not members of the family. We speak not, however, of provisions and other articles procured by the deceased, in his life-time, to be consumed in the support of his family.

The course pursued by the judge of probate in this case, was clearly contrary to the manifest intent of the testator. He intended she should have the property given her in the will; and the other persons named therein, the residue. But by this proceeding, she is supported at the expense of these appellants, for a period of some four years, and in the meantime, the legacy given her in the will is suffered to accumulate upon interest.

And we discover in the case, no sufficient reason for not charging her support upon the interest which she was charging upon her legacy.

Other questions have been discussed in the argument. But those already considered are sufficient to show that the judgment of the superior court, in affirming the decree of the court of probate in the allowance of the administration account, is erroneous and ought to be reversed.

Although it would be competent for the superior court to affirm that decree in part, and set it aside for the residue, where the two parts are clearly distinct; yet the manner in which this case comes before us, is such, that we cannot advise such a course. The auditors have found, that there have been errors and mistakes made in adjusting the administration account; and the balancing of these errors would be attended with considerable difficulty, besides the correction of the errors already considered.

With respect to the order for the sale of real estate, as it was made principally, if not entirely, for the purpose of raising funds to defray expenses not properly chargeable against the estate, and for which the court had no power to order the sale of real estate, that decree, in our opinion, ought also to be set aside, and of course, the decree accepting the return of sale.

An important question has been presented, respecting the necessity of giving notice where real estate is sold under an order of court, at private sale. It seems, that in this case, the administration account was presented to the court and allowed; an order for the sale of real estate made; the

*Hartford,*
June, 1849.

Leavenworth
*v.*
Marshall.

estate sold; and a return of that sale made and accepted—all in the same day. Of course, no notice was, or could be, given, that the property would be sold, except to those who might happen to be present.

Such a mode of proceeding affords great opportunity for fraud and collusion between the vendor and purchaser, and clearly ought not to be sanctioned, unless fully authorized by statute. It is said, that the practice of judges of probate has not been entirely uniform upon this subject. Many of them have required notice to be given, in all cases, where real estate is sold under an order of court. In other instances, orders of sale have been made, without requiring such notice. But as this case is decided upon other grounds, we waive the further consideration of the question.

Another question has also been raised; and that is, whether the legacies in this will, are a charge upon the real estate. The cases to be found in our reports seem to favour the claim of the appellants. *Swift* v. *Edson*, 5 *Conn. R.* 531. *Gridley* and wife v. *Andrews*, 8 *Conn. R.* 1.

On the other hand, it has been holden, in several recent cases, in the *English* reports, that a bequest of legacies, followed by a gift of all the residue of the testator's real and personal estate, operates to charge the entire estate with the legacies. But *Jarman*, in his treatise on *Wills*, in commenting upon those cases, observes, that it is worthy of remark, that in neither of them, was there any specific devise of real estate to which the term *residue* might be referred. 2 *Jarman*, 533.

But a further consideration of this question is also waived; because, in the final settlement of the estate, a resort to a sale of real estate may not be necessary.

Judgment of the superior court must be reversed.

The other Judges were of the same opinion.

Judgment reversed.