Brinkerhoft, J.,
delivered the opinion of the court.
The question presented in this agreed statement, depends, it seems to us, on the answer to be given to a further inquiry, to wit: Is an executor or administrator with the will annexed, ex officio in duty hound to maintain against the heirs at law a contest as to the validity of the will which he has undertaken to execute? If he be thus bound; if it be a duty which the law casts upon him in the administration of his trust: then it follows that the expenses fairly incurred by him in such contest must be payable out of the trust estate, whatever may be the consequences to the successful contestant. The idea that the law should imperiously thrust an onerous duty upon a trustee having, in general, no personal interest in the existence of the trust, and make him personally responsible for the expenses necessarily accruing in the discharge of that duty, is wholly inadmissible. Considerations of public policy suffi- *135 cient to overbear all incidental private inconvenience and private-interest, would forbid it; for if it were otherwise, a prudent man-would seldom consent to undertake the office of executor, where-there was the remotest prospect of a contest of the will; and the statutory right to dispose of property by will would become, to a great extent, a dead letter for the want of suitable persons willing to assume the risks of its execution.
But, is there any such duty resting on an executor? Certainly no such duty is imposed by express statute, for our statutes are silent on the subject.
*The statute under which the will in this case was contested, provides that the mode of contesting a will shall be by bill in chancery, in which an issue shall be made up, whether the writing produced be the last will of the testator or not, which shall be tried by a jury. The statute does not prescribe who shall be made parties defendant to the bill in chancery; but, proceeding in analogy to ordinary eases in chancery, wo believe it has been the general, and perhaps uniform practice, to make the executors, as well as legatees and devisees, and heirs at law who are not complainants, parties defendant. And granting the propriety, and even the necessity, of this practice, it does not follow, so far as we are able to discover, that the executor is therefore bound to take upon himself the burden of the contest.
True, an executor is a trustee ; and it seems to be well settled that a trustee who has accepted a trust, is bound to defend the trust estate, and may, in consequence, charge upon it the proper expenses of such defense. 2 Story’s Eq., sec. 1275; Noyes v. Blakeman, 2 Seld. 567. But with the exception of an obiter dictum in John v. Tate, 7 Humph. 388, we find no authority to sustain the position that a party acting as trustee is bound to defend the relation of trustee whenever the rightful existence of that relation is assailed or called in question: although, should he do so, and do it succosssfully, it it seems he would, in that case, be entitled to charge his proper expenses against the trust estate; and this for the reason that his expenditure inures to the benefit of the cestui que trust. Scott’s Estate, 9 Watts & Serg. 98.
In the particular case of acting executor, we can see no good reason, on principle, why he should be held bound to assume the burden of defense in the contest of the will under which he acts. If the will so far divert the estate from the line of descent as to make *136 it the interest of -the heir at law to contest the will, it follows that the legatees or devisees will, generally, have sufficient motive to induce them to assume the burdens of the other side of the contest. If the legatee or devisee be a minor, or feme covert, the husband or parent, or persons in loco parentis, will generally be willing to as-sumo the risks of litigation, where *such litigation would be proper in behalf .of their friends under disability. And finally, as an ultimate safeguard to persons interested in such contest and under disability, their rights are, by the terms of the statute, saved until the expiration of two years after the removal of such disability.
It seems to us, therefore, that the executor, in case of a contest of the will, may properly throw the burden of sustaining the contest on his co-defendants, the legatees or devisees; or if they require his active participation in the contest, he may exact from them such guaranties as will insure his safety. Such a course will always throw the expenses of the contest upon those for whose benefit it is to be maintained; while, on the other hand, to hold the executor bound to maintain the contest, and, therefore, to allow him to charge its expenses against the estate in cases where the will is found to be invalid, results in the obvious and gross injustice of exonerating from the burdens of the contest those who alone had an interest in maintaining it, and who are adjudged to have been in the wrong, and casting the whole expense of a proceeding, alike against their rights and their interests, upon the innocent heirs at law.
And it would unwisely encourage the setting up of pretended wills, if the expenses of the attempt could, in case of failure, bo cast upon the heir at law. The game, in the hands of the pretended legatee or devisee, would be one which, while it afforded a chance of winning; would involve no possibility of loss.
It would, it seems to us, so operate as frequently to despoil the estate for the sake of the relation, and sacrifice the substance of the thing to its incident; nevertheless, it was .so held on the circuit by Washington, J., in Bradford v. Boudinot, 3 Wash. C. C. 122, and in Compton v. Barnes, 4 Gill, 55; while the view which we have taken of the case is supported by Brown v. Vinyard, Bailey's Eq. 460; Mumper’s Appeal, 3 Watts & Serg. 441; and Royer’s Appeal, 13 Penn. St. 569; and the reasoning of the court in th'e two *137 •cases last cited, and both of which are strictly in point 10 that under consideration, seems to us unanswerable and conclusive.
Against the authority of these cases in Pennsylvania, it is ^contended by counsel for plaintiff in error, that in Ohio the probate of the will'and the grant of letters testamentary are judicial acts, which remain valid and binding until they arc invalidated by the formal and successful contest of the will by bill in chancery; that in Pennsylvania, after probate of the will and the grant of letters testamentary in the register’s court, the further contest of the wiH must be by aj>peal to the Supreme Court; and that this appeal has the effect to vacate the probate, and letters had and granted in the register’s court; thus leaving the executor, pending the appeal, without authority to act.
To this position there seem to us to be two answers. 1. If, as we hold, the executor is not bound to assume the burden of maintaining the contest of the will, it can make no difference, as to the question in this case, whether the authority of the executor derived from the probate and letters testamentary remains in full force, or is suspended, during the pendency of the contest; and, 2. The •counsel, we think, is mistaken as to the law of Pennsylvania. The probate of a will and the grant of letters testamentary seem to be judicial acts there as well as here; and the statute of Pennsylvania provides that the appeal “ shall not suspend the power or prejudice the acts of the executor.” Purdon’s Dig. 865.

Judgment affirmed.

Bartley, C. J., and Swan, Bowen, and Scott, JJ., concurred.