Longworth, J.
I. Section 101 of the administration act (1 S. & C. 585) was a part of the act providing for the settlement of estates of deceased persons passed March 23,1840, (1 S. & C. 566), under which all executors were required to give bond. It was clearly the intent of the legislature that the limitation of this section should inure to the benefit of *415 every executor and adminstrator; nor do we think that this intent changed with the passage, of the subsequent act of February 5, 1847 (1 S. & C. 614), whereby, in certain specified cases, executors may be excused from giving bond.
We are satisfied that, in cases where no bond is required, or given, the statute begins to run from the time when the executor becomes qualified, notice having been duly given, and the creditor’s right to sue and recover accrues.
The absurd results to which a contrary construction would inevitably, lead are well illustrated .by reference to other portions of the act. All executors and administrators are required to render their first accounts within eighteen months “ after having given bond ” (1 S. & C. 597), and they are allowed eighteen months from the time of giving bond, in ■which to collect assets, until the expiration of which time no suit can be brought against them (1 S. & C. 584). Should we hold that these limitations do not apply in the case of an executor not reguired to give bond, it would be difficult to say when he could be compelled to settle the estate, or whether any suit could ever be brought against him.
II. It is further urged, that, the will having been set aside, Charles and Elizabeth Foresman never were executors in the sense that the creditor was required to present his claim to them for allowance. To this it is a sufficient answer that he might have so presented it, and maintained his action had it been disallowed. It has never been held, in this state, or, as far as 1 have been able to discover, elsewhere, that the rights of a creditor are affected or hindered by the pendency of a proceeding to contest the validity of a will duly probated. His rights exist and are preserved irrespective of the question of the validity or invalidity of the will. The statute begins to run against his claim from the time when he might properly begin an action. See in this connection Bradford v. Boudinot, 3 Wash. C. C. 122.

The judgment of the court of common fleas is reversed, the demurrer to the answer overruled, and the cause remanded.