ESTATE OF ROBERT JOYCE TIFFANY, DECEASED.

[No. 5317; decided May 22, 1888.]

Will Contest.—A Contest of Probate of a Will Partakes of the Nature of a civil action; its issues and results being determined and applied in like manner.

Special Administrator.—Two Items for Expert Witnesses were in this case disallowed in the account of a special administrator.

A Special Administrator is Without Power to Incur Expense in and about a will contest.

A Special Administrator has no Authority to Make Expenditures as to claims having their origin in decedent's lifetime.

Special Administrators are Entitled to Counsel in the Administration of their trust.

Special Administrators are Entitled to Compensation for services performed in discharging the duties of their trust.

Will Contest—Allowance for Expenses.—There is a Distinction Between a Successful and an unsuccessful contest of a probate of will, as to the proponent's right to expenses incurred. Where a purported will has been refused probate, and so declared invalid, no rights or duties thereunder can be pretended.

Will Contest—Allowance for Expenses.—There is no warrant in the statute for an allowance of expenses incurred by the proponent of a purported will which has been refused probate, and jurisdiction in such matters cannot be sought for outside the code.

Will Contest—Costs and Counsel Fees.—Section 1332, Code of Civil Procedure, as to costs of a probate contest, if including counsel fees, is applicable solely to contests after probate first had, and does not embrace a contest upon the original propounding of a purported will.

Coogan & Foote, for the heirs, contestants.

E. N. Deuprey, for the proponent of purported will.

COFFEY, J.   1. A contest of the probate of a will partakes of the nature of a civil action; and the issues and results are determined and applied in like manner: Code Civ. Proc., secs. 1033, 1716.

With the exception of the two items—Expert, $27.50, and Expert, $50—the bill should be allowed; and, as to those two items, there should be deducted therefrom in each case all but one day's witness fee.

2. The exceptions to the account of the special adminis-trators should be allowed. Section 1415, Code of Civil Procedure, does not authorize the allowance of expenses incurred in and about a will contest, nor claims which had their origin in the lifetime of the decedent. In the Estate of Cynthia Hoff Shillaber, Deceased (No. 4015, Superior Court, Probate, Coffey, J.), this court has given its views upon the powers and duties of special administrators, and also in the Estate of Hannah M. Sackett (No. 6775, Superior Court, Probate, Coffey, J.) The special administrators are entitled to the aid of counsel to assist them in discharging their special functions, as prescribed in section 1415, Code of Civil Procedure, and to reasonable compensation for their own services.

3. In the matter of the Estate of Gershom P. Jessup (No. 5681, Superior Court, Department 9, Probate) this court had occasion to consider, in connection with the account of the executors, the brief filed by Mr. Deuprey upon this application, the subject matter in both cases being of a cognate character. I am entirely satisfied with the correctness of the conclusion reached by the court in that case. The fallacy of the argument for the applicant in this case lies in the assumption that a person named in a will as executor, who fails to establish the validity of the instrument, is, with reference to the subject matter of this application, in as good a position as a proponent who succeeds. There is an important distinction and difference between the two cases, and I have discovered no case in the reports of this state which sustains the proposition presented by the applicant here, where the proponent has failed in the first instance to establish as a will the paper which is a basis of his claim. Here and elsewhere the contrary has been determined as the correct legal principle. The proponents here never have been executors. The paper upon which they predicated their petition to be so appointed has been declared invalid, and consequently their nomination therein was and is void; and upon an invalid instrument and a void nomination manifestly no right can attach nor any claim accrue. In Mumper's Appeal, 3 Watts & S. 443; in Royer's Appeal, 13 Pa. 574; in Andrew's Executors v. His Administrators, 7 Ohio St. 143; and in Leaven-

worth v. Marshall, 19 Conn. 408, the doctrine has been declared in substantial conformity with the views herein expressed. But, even if I were doubtful of the application of those cases to this subject matter, I should be bound by the statute, after a full examination, to sustain the demurrer, for the reason that I have found nowhere in the code any warrant to entertain an application of this kind, and jurisdiction in such matters is not to be sought elsewhere. Section 1332, Code of Civil Procedure, even if its terms could be enlarged to include counsel fees, refers expressly to a contest after probate where the probate is revoked, and in the cases decided by me which are cited by applicant (Estate of Chittenden, 1 Cof. Pro. Dec. 1, and Estate of Fisher, 1 Cof. Pro. Dec. 97), the wills had been admitted to probate.

Demurrer sustained.

---

Where There is a Successful Contest of a will before probate, but the legatees or executor acted in good faith and upon reasonable grounds in proposing the will for probate, the court may, in its discretion, allow the unsuccessful proponents their costs in attempting to establish the will, and make the same a charge against the estate: Estate of Olmstead, 120 Cal. 452, 52 Pac. 804. On the other hand, when there has been an unsuccessful contest against the admission of a will to probate, the court may allow the defeated contestant his costs to be paid out of the estate, but it will exercise its discretion in his favor in this respect only in rare cases, and when he has acted in the utmost good-faith in waging the contest: Estate of Bump, 152 C. l. 271, 92 Pac. 642.

The Fees and Expenses of Contests after the probate of a will must, under the statutes of most states, be paid by the contestant, if the probate is affirmed; but if the probate is revoked, the costs must be paid by the party who resisted the contest, or out of the property of the decedent, as the court directs: Cal. Code Civ. Proc. 1332; Ariz. Rev. Stats. 1627; Idaho Rev. Stats. 5323; Mont. Code Civ. Proc. 2365; Okl. Rev. Stats. 1512; S. D. Pro. Cd. 60; Wyo. Rev. Stats. 4612. A court has no authority, before the admission of a will to probate, to appropriate the funds of the estate to aid either the proponent or the contestant. Neither has it authority, while a contest to revoke the probate is still pending and undetermined, to allow the executor, in his annual account, for expenditures in defending the will. But when a contest after probate has been successfully waged, the law makes it the duty of the court to determine whether the costs shall be paid by those who resisted the revocation or out of the assets of the estate; and if the court, in the

exercise of its discretion, decides that the costs shall not be paid out of the estate, its determination will not be reversed on appeal. An executor who is unsuccessful in resisting the revocation of a probate is not entitled, as a matter of right, to the costs he has incurred, but the court is vested with discretion to determine whether he or the estate shall bear them: Estate of McKinney, 112 Cal. 447, 44 Pac. 743; Henry v. Superior Court, 93 Cal. 569, 29 Pac. 230; Estate of Dillon, 149 Cal. 683, 87 Pac. 379.