# Alexander's Estate.

*Executors and administrators—Counsel fee—Will contest—When counsel
fee will be allowed.*

While it is the general rule that an executor will not be allowed counsel
fees in a contest to sustain the will by which he is appointed, this rule does
not apply where the result of such contest has been greatly to enhance the
value of the estate, by having outlawed indebtedness of certain of testator's
children treated as advancements and as assets for purposes of distribution.
The rule also has no application where no appeal from the admission of the

will to probate has been taken until within a few days of the time when the right to appeal would have expired, and in the meantime the executor has qualified, entered upon the performance of his duties, filed an account at the expiration of the first year, and made partial distribution of the estate.

Argued Jan. 24, 1905. Appeal, No. 232, Jan. T., 1904, by Mary C. Alexander, from decree of O. C. Phila. Co., Jan. T., 1896, No. 526, sustaining exceptions to adjudication in estate of John Alexander, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Exceptions to adjudication.

FERGUSON, J., filed the following opinion :

The auditing judge rejected the claim of the accountant, the Fidelity Trust Company, for counsel fees incurred by it in a contest over the will of the testator. It is no doubt settled in this state that, where there is a controversy as to the validity of a will between two sets of legatees or devisees, or between some one claiming that the will was invalid and that distribution should be made under a prior will, or under the interstate laws, the executor has no right to espouse the cause of either of the said contestants and engage in the contest and charge the estate with the expense thereof. This is true as a general proposition ; but there are several exceptions to it, as appears by the decisions of the Supreme Court on this subject. For instance, if the estate is materially benefited by the controversy, if the contestants seek to destroy the trusts created by the will, if the question was between a genuine will and a forged or spurious one : Rankin's Appeal, 10 W. N. C. 235 ; Reimer's Estate, 159 Pa. 212 ; Titlow's Estate, 163 Pa. 35 ; Yerkes's Appeal, 99 Pa. 401 ; Hoffman's Estate, 19 Pa. Superior Ct. 70. In this case the contest was between the last will of the testator and the one previously made by him. By the first will the testator divided his estate equally among his four children, the share of his daughter, however, to be held in trust for her. Two of the sons of the testator were indebted to him in an amount in excess of their respective distributive shares. Some of the obligations which represented this indebtedness were barred

by the statute of limitations, and others rapidly becoming so barred as time advanced. Under these circumstances, the testator, desiring to deal justly and equally with all his children, executed the will in controversy, by which he directed that the indebtedness of his said two sons should be treated as advancements to them, and charged against their respective shares. The estate was thus most materially benefited by sustaining the last will of the testator, as it was thereby enabled to secure the outlawed indebtedness of the two sons as assets for the purpose of administration, and thus the distributive share of each of the children was increased. Under the decisions this fact of itself was a sufficient reason to justify the payment out of the testator's estate of the counsel fees incurred in maintaining the last will.

We think, however, that a more cogent reason exists in the facts of this particular case which are different from any of the cases cited, and which we think obligated this accountant as executor to defend this will. The testator died in February, 1895. A contest over his will was immediately commenced before the register of wills, which resulted in the will being admitted to probate. The accountant then qualified as executor, and entered upon the performance of its duty as such. A year afterwards its account was filed, as required by law, and distribution made of the balance as shown thereby to numerous legatees, and the residue was awarded, one half to the son to whom no advancements had been made, and the other half to the accountant in trust for the daughter, as provided by the will of the testator. The contestants did not appear at this audit, and no exceptions were filed by them to the distribution ordered. Two years afterwards, and within a few days of three years, when the time for an appeal would have expired, this appeal was taken and afterwards litigated in this court and the Supreme Court, and in this litigation the expenses in question were incurred. The accountant would not have been justified in appearing as an actor in this case in its incipiency, or perhaps not if an appeal had been promptly taken, but having qualified as executor and having performed its duties as such down to accounting and making distribution of part of the estate, one half of which passed into its hands as trustee without objection from anyone, it had every reason to believe

that the decision of the register was acquiesced in.    Be this as it may, the accountant was then in such a position that it was compelled to defend itself from an attack which threatened to destroy the will of the testator and the trust created thereby, and involve the estate in a great financial loss.    We think it was proper for the accountant to employ counsel in this case, and the expense thereof is a proper charge against this estate.

The exceptions which relate to the rejection of this claim by the auditing judge are sustained.

*Error assigned* was the decree of the court.

*M. Hampton Todd*, for appellant.

*Lucien H. Alexander*, *H. Gordon McCouch*, *J. Lawrence Wetherill* and *Frank P. Prichard*, for appellees.

PER CURIAM, March 6, 1905:
The decree is affirmed on the opinion of the court below.