## Arnold's Estate.

*Decedents' estates—Executors and administrators—Counsel fees
—Issue devisavit vel non.*

1. An executor or administrator who becomes a party to an issue
devisavit vel non cannot charge expenses so incurred to the estate
unless it is benefited thereby.

2. A claim against a decedent's estate for fees of counsel em-
ployed by an executor for the purpose of sustaining charitable and
religious bequests and defeating the claim of the decedent's hus-
band was properly disallowed.

Argued Oct. 28, 1915. Appeals, Nos. 247 and 248, Oct.
T., 1915, and No. 9, Oct. T., 1916, by William A. Stone,
Robert H. Leitch, Executor of the Estate of Isabella Ar-
nold, deceased, and Fidelity Title & Trust Company and
William I. King, executors of the Estate of W. B.
Rodgers, deceased, respectively, from decree of O. C. Al-
legheny Co., Sept. T., 1912, No. 77, dismissing exceptions
to adjudication in Estate of Isabella Arnold, deceased.
Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER
and FRAZER, JJ. Affirmed.

Exceptions to adjudication.

OVER, P. J., filed the following opinion:

The executor has claimed credits in the supplemental
account filed by him for amounts due.

W. B. Rodgers, Esq., as counsel for the estate

May 1, 1912, to May 1, 1914, .............$5,000.00

Counsel fees paid Wm. A. Stone, Esq., ...... 3,500.00

And balance due him as counsel for the estate

from January 28, 1915, ................. 4,000.00

To which exceptions are filed, alleging that, "These
fees were not for services to the executor, but in behalf
of certain legatees, charitable and religious institutions,
the sole subject-matter of appeal was the alleged in-
validity of these legacies, and these legatees only were

interested and should pay the counsel fees." Exception is also taken to the items of credit claimed for $200.00, expenses of two trips to Philadelphia, printing bill of appellees $51.20, certified copy of opinion, Supreme Court, $6.50, expenses in reargument Supreme Court, $48.00.

There is a valid technical objection to the credits claimed for amounts due counsel, as the accountant should claim credit only for payments actually made by him; these credits will therefore be stricken from the account, and the amounts claimed to be due counsel treated as claims against the estate.

The testatrix gave the income of her estate to her husband, who survived her, for life, then gave certain charitable bequests, and the residue of her estate to the executor, in trust for charitable and religious uses. Some exceptions were filed to his original account, which were dismissed and it confirmed absolutely.

The important question raised at the audit was whether the charitable and religious bequests were void, and should be distributed under the intestate laws, to the guardian of the surviving husband, who had been adjudged a feeble minded person, as next of kin to the testatrix. They were held by this court to be valid, a decree entered accordingly, and on appeal taken by the guardian to the Supreme Court, the decree was reversed and distribution directed to be made of the void charitable and religious bequests to the legal representative of Mr. Arnold, who died whilst the appeal was pending.

One of the assignments of error in this appeal, alleged that the court erred in not reducing the executor's commission; it was not, however, discussed in appellant's, nor in the appellee's paper book; all the other assignments related to the question of the validity of the charitable and religious bequests, the right of the surviving husband to them under the intestate laws, and as to his election to take against or under the will.

There can be no question that reasonable counsel fees

for services rendered for the accountant as executor should be allowed; but as executor no duty devolved upon him to employ counsel to sustain the charitable and religious bequests, or to defeat the claim of the surviving husband, because as to the parties to the controversy he was merely a stakeholder, had no interest in the questions, and counsel fees rendered in that respect cannot be allowed out of the fund here, which is to be distributed under the intestate laws, to the administrator of testatrix's deceased husband.

This conclusion is supported by the following cases: Mumper's App., 3 W. & S. 441, where it was held that: "An executor is not entitled to credit in his administration account for the amount of fees paid to counsel for their professional services in trying an issue devisavit vel non, involving the validity of the will of his testator," Mr. Justice KENNEDY saying (p. 443): "If the person appointed by it (the will) as executor, be named also as a legatee or devisee, then as such he may be deeply interested also in establishing it to be the last will of the deceased; but it is clear that creditors and the rest of the world have no interest whatever in the question. It would therefore seem to be just, as well as equitable, that those who have an immediate and direct interest in the question should be left to contest and bear all the costs and charges attending it. It ought to be left to them to employ counsel or not, as they please, and consequently to bear the expenses of doing so." And on page 444, "The person named as executor in the writing, when advised that its validity as a will is about to be contested, ought to give notice to those who are named in it as legatees or devisees, so that they may employ counsel if deemed requisite, or authorize him to do so at their expense."

Yerkes' App., 99 Pa. 401, where it was said (p. 409): "It is well settled that an executor or administrator who becomes a party to an issue devisavit vel non, must look to those who authorized him to engage therein, and

cannot charge his expenses to the estate he represents, unless the latter is benefited by the proceedings: Dietrich's App., 2 Watts 332; Koppenhaefer v. Isaacs, 7 Watts 170; Geddies' App., 9 Watts 284; Mumper's App., 3 W. & S. 441; Rankin's App., 10 W. N. C. 235; Royer's App., 13 Pa. 569. The general principle underlying these cases is that an executor is not bound to defend his testator's will; but if he undertakes to do so, it must be as the agent and in the interest of those benefited by his action."

And Titlow's Est., 163 Pa. 35. In the latter case some exceptions to the rule were noted, and in Alexander's Est., 211 Pa. 124, whilst the rule was approved, it was held that the case was within the exceptions. The case at bar, however, is clearly not within any of the exceptions to the rule.

The proposition is in effect that the administrator of the estate of the surviving husband shall pay out of his estate, the fees of counsel employed to defeat his claim, and surely it is not supported by any principle of law or equity.

It is admitted that $1,500.00 is reasonable compensation for services rendered by Mr. Rodgers to the executor, and this amount will be distributed to his executors, and their claim for $3,500.00 additional compensation is disallowed.

Col. Stone's services were rendered after the appeal was taken to the Supreme Court and Mr. Rodger's death, for the benefit of the charitable and religious legatees, and for the purpose of defeating the claim of the surviving husband. His claim for $4,000.00 balance due for these services therefore cannot be allowed, and the exceptions to the credits for $3,500.00 paid him must be sustained, and the accountant surcharged with that amount. He must also be surcharged with items of credits referred to in the second exception to his supplemental account, because as executor he had no authority to make these payments.

*Error assigned* was the decree of the court.

*Stephen Stone,* with him *W. I. King,* and *L. F. Adelman,* for appellants.

*William M. Hall,* with him *D. T. Watson,* for appellee.

PER CURIAM, January 3, 1916:

Each of these appeals is dismissed, at the costs of the respective appellants, on so much of the opinion of the learned auditing judge as disallowed the claims for counsel fees. What is there said applies equally to other credits claimed by Robert H. Leitch, executor, as set forth in the seventh and eighth assignments of error.