## Thomas' Estate

*Warwick Potter Scott*, of *Ballard, Spahr, Andrews & Ingersoll*, for exceptants.

*Raymond M. Remick*, of *Saul, Ewing, Remick & Saul*, contra.

STEARNE, J., January 31, 1936.—The exceptions raise the question whether counsel fees allowed the attorney for the executors in defending the will in a will contest constitute "administration expenses incident to the settlement of the Estate".

A will contest was instituted by a niece, an heir-at-law, and after many hearings the interested parties entered into a written agreement of settlement. Thereafter the will and codicil were probated. In due course the executors filed their account, which was audited, the adjudication being the subject of the exceptions.

According to the agreement of settlement the contestant (not named in the will) was to receive "ten per

cent (10%) of the total net estate, real and personal". The parties were careful in the agreement to define the meaning of "net estate". This definition reads as follows: ". . . for the purpose of this agreement the said net estate shall consist of the balance remaining after deducting from the gross estate taxes, debts of decedent and administration expenses incident to the settlement of the Estate."

In the executors' account appeared an item of credit of $7,500 as counsel fee, paid to the attorneys who filed the account. At the audit it was agreed by counsel present that out of the $7,500 fee $1,500 represented compensation to counsel for services in connection with the accounting, and the balance, or $6,000, was for services in connection with the will contest. The question was propounded to the auditing judge whether the $6,000 portion of the fee, and $872.50 cost of notes of testimony in the will contest, were deductible items in determining the "net estate" under the terms of the compromise agreement. The auditing judge ruled that they were not so deductible. We agree with his conclusion, and for the reasons assigned by him.

It seems obvious to us that counsel fees and expenses of the executors expended in defending the will are not "administration expenses incident to the settlement of the estate" under the terms of the agreement. Such expenses clearly are not those of administration incurred in the settlement of the estate. Indeed, all of such expenses were incurred prior to the probate. Unless there appears something in the agreement to take this out of the ordinary and usual course—and there is nothing—we are bound by the law with respect to such situations.

It is the general rule of law that an executor or an administrator who becomes a party to an issue devisavit vel non cannot charge expenses so incurred to the estate, save in exceptional cases. The reason for such rule is that such fiduciary is not bound to defend the will, and if he does so, it is merely as agent and in the interest

and at the expense of those expecting to benefit by his action: Mead v. Sherwin et al., 275 Pa. 146, 155; Titlow's Estate, 163 Pa. 35; Arnold's Estate, 252 Pa. 298; Mumper's Appeal, 3 W. & S. 441; Reimer's Estate, 159 Pa. 212.

In Titlow's Estate, supra, the executor was an active participant in a will contest, which was finally compromised, and there, as here, the executor's counsel fees and expenses were disallowed as a charge against the estate.

We need not discuss cases which are exceptions to the general rule where, for example, an executor acted for the benefit of an estate: Alexander's Estate, 211 Pa. 124; or where a trustee was required to defend his trust for the benefit of the cestui que trust: Mead v. Sherwin et al., supra. No such situation exists in the instant case.

Wherefore we are of opinion that the auditing judge was correct when he refused to permit the deduction of the executors' counsel fees and expenses in determining the "net estate". Such deduction was neither within the terms of the agreement nor contemplated by law.

This result is not to be regretted as doing a possible injustice, when it is considered that the contestant, who received a share in the compromise settlement, is required to pay her own counsel fees and expenses in the litigation. If we had decided the contrary, it would have placed the contestant, who was successful, in the anomalous situation of not only paying her own expenses, but of being required to pay her proportion of the expenses of the beneficiaries under the will who resisted her contest. While ordinarily the credit of the counsel fee and expenses would have been stricken from the account, and the executors left to collect them from the interested parties under the will, it is to be observed that none of the parties under the will are complaining, and therefore the auditing judge permitted the credit to stand, the effect of which will be to charge the same against the respective distributive shares of the parties benefited

under the will. While no exceptions were filed by any of these parties, we deem this method, in the circumstances, without error.

The exceptions are dismissed and the adjudication is confirmed absolutely.