## Foulke's Estate.

Argued January 5, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Roland R. Foulke,* in propria persona, appellant.

*Peter F. Hagan,* with him *Fell & Spalding,* for appellee, Nos. 263 and 264.

*Townsend Munson,* of *Townsend, Elliott & Munson,* with him *J. Charles Murtagh,* for appellee No. 252.

OPINION BY MR. JUSTICE DREW, March 22, 1939:

These cases, involving three appeals, were argued together and may be disposed of in one opinion. Appeals Nos. 263 and 264 are by Roland R. Foulke, individually, and as co-executor under the will of J. Roberts Foulke, from a decree of the Orphans' Court dismissing his exceptions to the adjudication of the first and final account of the executors of that will. The third appeal (No. 252) is by Roland R. Foulke, as co-trustee under the same will from a decree of the Orphans' Court dismissing his petition for an order on the Provident Trust Company, the other trustee, to open a joint bank account as to the part of the residue of the estate which they hold in trust.

The will of J. Roberts Foulke named as executors his son, the appellant, and his daughter, Mrs. Cregar, who is the appellee in appeals Nos. 263 and 264. After providing for certain legacies, the will gave one-half the residue to appellant and the Provident Trust Company, the appellee in the third appeal, in trust to pay the income to Mrs. Cregar for life, with remainders over.

There can be no doubt that the court below properly dismissed appellant's exceptions to the adjudication of the account. After letters testamentary had been issued, appellant, a member of the bar, attempted to act as attorney for both himself and Mrs. Cregar. However, since the executors could not agree on certain matters pertaining to the estate, Mrs. Cregar retained counsel to represent her in her capacity as co-executor. Thereafter appellant prepared an inventory and appraisement of the estate. Upon examining it, counsel for Mrs. Cregar found numerous errors and omissions and called appellant's attention to them, but he refused to make any changes in the inventory. Accordingly counsel for Mrs.

Cregar prepared and filed a separate inventory on her behalf.

Several months later appellant filed his separate account with the Register of Wills without submitting it to either Mrs. Cregar or her attorneys for approval, although he had promised to do so. Mrs. Cregar prepared a separate account, but did not file it, inasmuch as appellant's account was coming on for audit.

At the audit of appellant's account the auditing judge ruled that the inventory filed by Mrs. Cregar was more accurate and adopted it in arriving at the proper balances. The court adjudicated the account and a schedule of distribution based thereon was approved. To this adjudication appellant filed numerous exceptions. The court en banc sustained one exception which pertained to a matter not in dispute, but dismissed all the others. In these appeals, appellant assigns as error the refusal to sustain the exceptions relating to (1) the allowance of a fee of $2,000 to Mrs. Cregar's counsel for their services, (2) the refusal of the lower court to determine the ownership of a tapestry which appellant had included in his inventory as part of the estate, (3) the filing of a separate inventory by Mrs. Cregar and to the payment to her of the cost of filing the same, (4) the action of the auditing judge in awarding balances shown by Mrs. Cregar's inventory rather than those shown by appellant's, (5) the failure of the auditing judge to award back to the executors for further accounting the worthless stock and unadministered assets.

The objection to the allowance of the counsel fee is clearly without merit. Appellant himself had advised his sister to obtain separate counsel. The record indicates that the services performed by her attorneys were rendered to Mrs. Cregar in her capacity as co-executor and not, as appellant claims, in her capacity as a beneficiary under the will. The auditing judge, after hearing testimony, found that the services were reasonably worth $2,000, and there is no reason to disturb that find-

ing here. "This court has frequently held that the allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error": *Rambo's Estate,* 327 Pa. 258, 266.

The court below properly refused to determine the question of ownership of the tapestry in Mrs. Cregar's possession. Appellant did not request the court to award an issue to have the title tried by the Court of Common Pleas but insisted that the Orphans' Court had jurisdiction to determine the ownership. Although included in appellant's inventory, the tapestry had been given Mrs. Cregar by her father prior to his death and has been in her possession at all times since. Under such circumstances, the Orphans' Court lacked the power to determine the ownership of the property. In *Keyser's Estate,* 329 Pa. 514, we said (p. 519) : "If, however, the property in dispute was not in decedent's possession at the time of his death, and did not thereafter come into the hands of his personal representative, the orphans' court is without power to determine title or ownership disputed by a third party claiming the property as his own. In such case the executor or administrator must bring an action at law or in equity in the court of common pleas against the party in possession." The fact that appellee is a co-executor, and in that capacity subject to the jurisdiction of the Orphans' Court, does not give that court jurisdiction over the property, for "with respect to her individual rights of property she stands as clear of the power of the court as any third party": *Cutler's Estate,* 225 Pa. 167, 171; *McGovern's Estate,* 322 Pa. 379.

Appellant's objections to the separate inventory and account filed by appellee are also without merit. It is clear that a co-executor may file a separate inventory and account: *Estate of Cowan,* 184 Pa. 339; Schouler, Law of Wills, Executors and Administrators (6th ed.), sec. 2921. Appellant's contention that the court had no right to adjudicate Mrs. Cregar's account because it had not

been properly filed is not in issue, for the record shows
that the adjudication was on appellant's account. The
court merely used the inventory prepared and filed by
Mrs. Cregar's attorneys in order to arrive at the proper
balances. Appellant had persistently failed to coöper-
ate with his sister in managing the estate, and refused
to correct the errors and omissions in his inventory. In
addition he had filed his account without submitting it
to her for approval. As pointed out by the lower court
the resulting confusion would not have existed had ap-
pellant corrected his inventory to meet the objections
raised and had coöperated wholeheartedly in the prep-
aration of a proper one. In order to protect herself from
being bound by an incorrect account, it was necessary
for her to see that an accurate one was confirmed. It
was clearly proper for the court to see that the balances
were rightly calculated and to correct any errors ap-
pearing in the account: *Reese's Appeal,* 116 Pa. 272;
*Sloan's Estate,* 254 Pa. 346. Under the circumstances,
there can be no objection to the procedure followed by
the court. The cost of filing the inventory was a proper
expense of administration and the objection to its al-
lowance is obviously unfounded.

Appellant further contends that it was error to award
the residue to the trustees in kind and that the court
should have awarded back to the executors stocks and
unadministered assets for further accounting. Section
49(e) of the Fiduciaries Act of June 7, 1917, P. L. 447,
authorizes the court to direct distribution of assets in
kind where such assets consist of stocks, bonds, or other
securities. There is nothing to indicate that the award
made by the court included assets other than those cov-
ered by the act. All other interested parties were com-
pletely satisfied with the award and there is nothing
which would lead us to question the justice or equity of
the course followed by the court. Under such circum-
stances the distribution in kind will be sustained:
*Brooks' Estate,* 249 Pa. 66.

192

The decree dismissing appellant's petition to require the co-trustee, the Provident Trust Company, to open a joint bank account must be sustained, for the terms of the will creating the trust conclusively show that the power was given the Trust Company to keep a separate account. The eighth clause of the will provides: "I direct that the Trust Company shall have possession of all the securities, deeds, etc., belonging to the several Trusts to keep accounts, collect income and disburse the same and I request that said Trustees select as attorney for the Estate Roland R. Foulke, Esquire."

In charging the corporate trustee alone with the possession of this property, the duty to keep accounts, and the power to collect and disburse the income, the testator obviously invested it with the power to fulfill that charge. The keeping of a separate bank account seems clearly within the powers conferred. It would be impossible for the Trust Company to perform its separate function of collecting and disbursing income unless it could deposit and withdraw funds on its own order. For 35 years the testator had been Trust Officer of the appellee Trust Company and was undoubtedly acquainted with the difficulties encountered in requiring a joint action by all the trustees in handling every transaction arising from the management of an estate. This provision of the will was obviously intended to avert this situation. Although the general rule is that the powers conferred on co-trustees can properly be exercised only by joint action (*Morley v. Carson,* 240 Pa. 546), a provision in the trust instrument varying the result is valid: Restatement of Trusts, sec. 194. In Bogert on Trusts and Trustees the author states (p. 1762): "It is not uncommon to find a settlor giving to one of several trustees a certain power as a several power, although all the other powers are joint in the whole group." See *Gould v. Gould,* 213 N. Y. S. 286; *Daybill v. Lucas,* 187 A. 734 (N. J. Eq.).

Decrees affirmed, costs to be paid by appellant.