## Fetter's Estate.

Argued September 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*John D. Gresimer, of Rydesky & Gresimer,* for appellant in No. 4 and appellee in No. 5.

*John C. Arnold,* with him *D. Edward Chaplin* and *Dan P. Arnold,* for appellant in No. 5 and appellee in No. 4.

OPINION BY BALDRIGE, J., December 11, 1942:

These two appeals are closely related, were argued together, and will be disposed of in one opinion. The first, No. 4 March Term, 1943, is from a decree of the Orphans' Court of Cameron County, surcharging the

appellant, Emporium Trust Company, hereinafter called the trust company, as executor of Henrietta Fetter, deceased, with $750 the amount paid to a handwriting expert as fees and $1000 claimed to have been paid as counsel fees in connection with certain litigation, to which reference will be made later, and several other smaller items, all of which total $1891.18.

Henrietta Fetter died testate March 28, 1938. In her will dated August 20, 1936, she appointed the Emporium Trust Company as trustee and executor. In a residuary clause she created a trust and bequeathed two thirds of the income thereof to her son, George E. Fetter, for life and one third to her brother, Fred L. Morse, for life with remainders over upon the death of the life tenants.

Letters testamentary were issued to the trust company April 5, 1938, and it proceeded with the administration of the estate. On June 20, 1938, George E. Fetter appealed to the orphans' court from the probate of the first will. He alleged it was superseded by a later holographic will in the form of a letter written by testatrix giving all her property to him outright, which he offered for probate.

In accordance with a stipulation as to procedure by the parties the Orphans' Court of Cameron County proceeded to pass upon the validity of the second will. In these proceedings, the trust company defended the will of August 20, 1936 appointing it executor and trustee on the ground that the later holographic will was not in decedent's handwriting, but was in fact a forgery, and, in order to substantiate its position in this regard employed a handwriting expert who testified before the court and whose fee of $750 is one of the two principal items objected to. The other is the fee of $1000 claimed by counsel for the trust company employed by it in its attempt to prove the later will a forgery and thereby sustain the first will.

The orphans' court after hearing adjudged the testatrix's second will, leaving all her property to the son, to be valid, struck off the first will and revoked the letters issued to the appellant. The trust company filed two accounts, one as executor and the other as trustee, which by order of the lower court were consolidated and filed as one "restated" account as executor and trustee.

The general rule with regard to the liability of an executor for expenses incurred in attempting to sustain the will appointing him, together with certain recognized exceptions thereto, is well summarized in *Mead v. Sherwin et al.*, 275 Pa. 146, 118 A. 731, p. 155, as follows: "An executor is not bound to defend his testator's will and if he undertakes to do so it must be as agent and in the interest and at the expense of those expecting to be benefited by his action, and he cannot charge the expense of a contest to the estate he represents, unless the estate is benefited by the proceedings: *Titlow's Est.*, 163 Pa. 35; *Arnold's Est.*, 252 Pa. 298. An exception to this rule has been recognized where a trustee accepts a trust and undertakes to carry out its provisions; in such cases he owes to those interested the duty of upholding the trust in the event of an attack made against it: *Alexander's Est.*, 211 Pa. 124." See, also, *Lowe's Estate*, 326 Pa. 375, 192 A. 405, and cases cited page 384.

The appellant does not dispute this well recognized general rule but asserts that it comes within the exception that it had entered upon its duties as trustee under the will later held invalid and was therefore entitled to charge the expense of attempting to sustain it and the trust set up therein. The learned court below in its opinion sustaining the exceptions of George E. Fetter to the trust company's account found upon sufficient evidence that the trust company in defending the first will acted solely as executor, that "no assets

had passed from Emporium Trust Company, as executor, to Emporium Trust Company, as trustee." When George E. Fetter took an appeal and offered a later will for probate, if not before, the trust company had notice of the move made to revoke its authority as executor. At that time it had not completed its duties as executor and entered upon the administration of the trust. It was subsequent to its knowledge that the legality of the will from which it derived its authority was being challenged that the trust company under the order of the court obtained May 3, 1939, repaired buildings damaged by fire for which insurance money had been collected, which it stresses in proof of its performing duties as trustee.

It may be conceded that an executor's duty may in some instances require him to attempt to sustain the will appointing him, depending a great deal on the facts and the ultimate wisdom of the executor's action in each case. Here, however, George E. Fetter, decedent's son, who claimed under the second will bequeathing everything to him outright, was also the principal beneficiary under the trust set up in the will appointing the trust company executor and trustee. Appellant's trust officer testified that they never consulted the other trust beneficiaries respecting their wishes as to attempting to sustain the first will. The trust company saw fit without consulting them to employ an expensive handwriting expert and engage counsel in an attempt to sustain the first will and attack the second. These expenses of over $1750.00, incurred by the bank in engaging in the contest, and which it now seeks to charge against the estate, were large in comparison to the total size of the estate, which, in the trust company's consolidated account showed a balance of only $2971.33, and this sum included the real estate valued at $2000.

The effect of the trust company's action in the present case was to put the risk and expense attendant upon

the will controversy, upon the estate rather than upon those primarily interested under the first will. As executor, it had no duty to attempt to prefer one group of legatees over the other by attempting to sustain the first will. The trust company's action was not successful and resulted in no benefit to the estate or those ultimately adjudged entitled thereto. Good faith is not important, the question is are those ultimately shown to be entitled to the estate benefited: *Sheetz's Appeal,* 100 Pa. 197.

Many of the cases cited and relied upon by the appellant are distinguishable on their facts and come within the exception to the general rule; they involve trustees acting as such and under a duty to defend the trust from attack: *Mead v. Sherwin,* supra; *Lowe's Estate,* (spendthrift trust) supra; *Hoffman's Estate,* (spendthrift trust) 19 Pa. Superior Ct. 70; *Waller's Estate,* (spendthrift trust) 62 Pa. Superior Ct. 332.

We agree with the court below that under the circumstances of this case the appellant trust company acted as executor only, and came within the general rule. It should have required indemnification from the legatees under the first will if it wished to expend moneys of the estate in attempting to sustain it.

The decree of the court below dated April 1, 1942, surcharging the Emporium Trust Company with $1891.18, did not include interest on that sum from March 4, 1941, the date of revocation of letters. George E. Fetter, as appellant at No. 5, March Term, 1943, claims that as the trust company wrongfully sold certain interest bearing securities as of March 4, 1941 to cover the $1891.18 items of surcharge, he should receive interest during that period of approximately one year, or $122.30 additional, making a total surcharge of $2013.48.

This question of interest was not raised or presented

38

to the court below, and we feel that is primarily a matter for that court: Compare *Nick et al. v. Craig et al.,* 298 Pa. 411, 415, 148 A. 709.

Each of the two appeals is dismissed at the cost of the respective appellants and the decree of the lower court is affirmed.