7 N.J. Super. 525 (1950)
72 A.2d 369
IRVING REINGOLD AND PHILIP STARK, PARTNERS, DOING BUSINESS AS REIN MOTORS, PLAINTIFFS,
v.
HARRY C. HARPER, COMMISSIONER OF LABOR AND INDUSTRY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 17, 1950.
*526 Mr. George J. Kauper, attorney for plaintiffs.
Mr. Theodore D. Parsons, attorney for defendant, by Mr. Joseph A. Murphy.
GRIMSHAW, J.S.C.
Since January, 1949, the plaintiffs have been engaged in the operation of a service station in the *527 City of Hackensack. The feature which distinguishes plaintiffs' station from those operated by other persons engaged in the retail sale of gasoline is the fact that at plaintiffs' station the patron is expected to serve himself. Prior to the commencement of operations, plaintiffs caused their service station to be inspected by the fire chief of the City of Hackensack. That official issued certain regulations in accordance with which plaintiffs operated their business.
Effective May 28, 1949, there was enacted Chapter 274 of the Laws of 1949, entitled, "An Act to regulate the sale and dispensing of gasoline or other inflammable liquid at retail filling and service stations and providing penalties for violations." The text of the act, N.J.S.A. 34:3A-1, 2 and 3, is as follows:
"34:3A-1. Permitting anyone other than owner, operator or employee to dispense inflammable liquids forbidden.
"It shall be unlawful for any owner, operator or employee of an owner or operator of any retail filling or service station, where gasoline or other inflammable liquid is sold and dispensed to permit any purchaser, customer or other person not connected with the ownership or operation of such filling or service station to use or manipulate any pump, hose, pipe or other device for measuring, pumping or dispensing gasoline or other inflammable liquid for the purpose of filling the tank of a motor vehicle, or any barrel, drum, can or other container with gasoline or other inflammable liquid."
"34:3A-2. Instructions and experience required to dispense inflammable liquids.
"No person shall operate or manipulate any pump, hose, pipe or other device for measuring, pumping or dispensing gasoline or other inflammable liquid at any retail filling or service station, unless he shall have received practical instructions in the use and operation of such measuring, pumping and dispensing devices and has had practical experience under the supervision of an experienced operator in their use for a period of not less than one full working day."
"34:3A-3. Violations of act; recovery of penalties.
"Any person who shall violate any of the provisions of this act shall be liable to a penalty of not less than ten dollars ($10.00) nor more than two hundred dollars ($200.00) in the discretion of the court. The penalties herein provided for shall be sued for and recovered by, and in the name of, the Commissioner of Labor and Industry, according to the practice and procedure provided by `The Penalty Enforcement Law,' being chapter two hundred fifty-three of the laws of one thousand nine hundred and forty-eight."
*528 Plaintiffs challenge the validity of this statute. They say that it is an arbitrary, capricious and unreasonable exercise of legislative power and hence unconstitutional.
It is not open to question that the State, in the exercise of its police power for the promotion of the health, safety and welfare of the public, may pass regulatory statutes affecting property and contract rights. Of course, the exercise of such power must be reasonable and the legislation must bear a substantial relation to the public health, safety, morals or some other phase of the public welfare. Lakewood Express Service v. Board of Public Utility Com'rs., 1 N.J. 45. And when a statute is challenged it becomes the duty of the court to determine whether the act in question offends against the Federal or State Constitutions as being an arbitrary and unreasonable restriction upon private business. In the exercise of this duty the court must proceed with great caution. In its sphere the Legislature is supreme and its enactments may not be lightly set aside. Nor can the court substitute its conception of a sound public policy for that entertained by the Legislature. If there is a reasonable doubt as to the existence of a constitutional objection to a statute it will not be set aside. Only when the constitutional infirmity is indisputable is the court justified in invalidating a legislative enactment. State Board of Milk Control v. Newark Milk Co., 118 N.J. Eq. 504 (E. & A. 1935).
No extended argument is necessary to establish the fact that regulation of the storage, sale and use of such a dangerous commodity as gasoline is a proper exercise of the police power of the State. The extent to which regulation shall go is for determination by the Legislature which is the arbiter in matters involving public policy. When made, the legislative determination shall stand unless it be shown to be arbitrary, capricious and an unreasonable exercise of legislative authority. And, when called upon to pass upon the constitutionality of any legislative enactment, the courts must resolve all doubts in favor of its legality.
The statute in question is regulatory. It forbids the operation of retail gasoline service stations upon a self-service basis. *529 In effect, it is an expression of the legislative opinion that the use of gasoline pumps by persons unfamiliar with their operation is not in the public interest. And it requires that only qualified persons shall sell this highly inflammable liquid.
In my opinion the statute is neither arbitrary nor capricious. It is not an unreasonable exercise of legislative power. And the regulation has a substantial relation to the public health and safety. In fact, when one thinks of the irresponsible actions of some of the persons licensed to operate motor vehicles, it is difficult to escape the conclusion that a gasoline pump in the hands of such persons would be far more dangerous than a loaded pistol in the hands of a child.
The statute is a valid exercise of the police power of the State. The complaint will be dismissed.