## Faust Estate.

Argued April 14, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Henry D. O'Connor,* with him *A. Archer Cross* and *Alfred L. Taxis, Jr.,* for appellant.

*Desmond J. McTighe,* with him *C. Laurence Cushmore, Jr.,* and *Duffy, McTighe & McElhone,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1950:

This appeal is from a definitive decree of the Orphans' Court of Montgomery County disallowing credit for additional commissions paid to the executor and for counsel fees paid by the executor in connection with a will contest, in which the will was sustained.

According to the adjudication the gross principal estate amounted to $118,370.55, and income on personalty $10,652.51 and rents $1,119.50. The auditing judge allowed the fiduciary as compensation five per cent on these amounts, totaling $6,507.14. The sum of $3,492.86, claimed by the executor as additional compensation, was disallowed.

Our examination of the evidence discloses no abuse of discretion by the auditing judge. A fiduciary's compensation depends upon the extent and character of the labor and the responsibility involved. Supervision of the amount of compensation is peculiarly within the discretion of the court below. Unless such discretion is clearly abused the judgment will not be disturbed on appeal: *Strickler Estate,* 354 Pa. 276, 47 A. 2d 134, and the cases therein cited.

A. Archer Cross, Esq., the counsel for the executor, was paid $12,500 for legal services in representing the *fiduciary* both in the settlement of the estate and in the

will contest. The auditing judge allowed $5,000 as counsel fee in the settlement of the estate but disallowed the additional sum of $7,500 which represented Mr. Cross's fee for services to the *executor* in connection with the will contest.

In the administration of an estate an executor has authority to employ legal counsel, whose fees are a just charge against the estate, the amount thereof being within the discretion of the court below: *Rambo's Estate,* 327 Pa. 258, 193 A. 1; *Foulke's Estate,* 334 Pa. 186, 5 A. 2d 179; *Davidson Trust,* 354 Pa. 333, 47 A. 2d 145. But an executor has no authority, at the expense of the estate, to employ legal counsel *in a will contest.* Such a contest is between the testamentary beneficiary and the heirs or next of kin. An executor is, therefore, not a party. He is not required to defend the will. If, however, the executor does engage in the contest he must look for compensation to those who authorized him to engage therein: *Royer's Appeal,* 13 Pa. 569; *Yerkes's Appeal,* 99 Pa. 401; *Arnold's Estate,* 252 Pa. 298, 97 A. 415; *Fetter's Estate,* 151 Pa. Superior Ct. 32, 29 A. 2d 361.

Decree affirmed at cost of appellant.