**Rossi v. Palino**

*Herbert B. Lebovitz,* for plaintiff.
*Shoemaker & Knoell,* for defendants.

BROWN, J., June 6, 1961.—Plaintiff filed a complaint in equity to have defendants declared trustees of alleged real and personal estate of her deceased father, Mike (or Michael) Palino. The matters presently before the court en banc are preliminary objections, demurrer to the complaint and motion for judgment, filed by defendants, Frank Palino and Joann Palino, his wife, upon the following reasons:

1. The complaint fails to state a cause of action in favor of plaintiff and against defendants, Frank Palino and Joann Palino, his wife, upon which a judgment, final order or injunction could be lawfully entered.

2. The complaint specifically fails to state a good and valid cause of action inasmuch as plaintiff mistakenly believes that a court of equity has jurisdiction when the exclusive jurisdiction in the entire matter is vested in the Orphans' Court of Allegheny County, under the provisions of the Act of August 10, 1951, P. L. 1163, article III, sec. 301, as amended, 20 PS §2080.301.

3. Defendants Frank Palino and Joann Palino, his wife, request and move the court to enter judgment in their favor against plaintiff and dismiss the said complaint.

The facts briefly are that Mike Palino, father of plaintiff and defendant, Frank Palino, died October

5, 1960, a resident of Allegheny County, at the age of 73. The said decedent was survived also by three other sons, Joseph, Neil and Anthony Palino.

The said decedent, by his will duly probated on October 10, 1960, in the office of the Register of Wills of Allegheny County, upon which letters testamentary were granted to the said Frank Palino on the same day, at no. 4368 of 1960, devised, after a direction for payment of all debts and funeral expenses, all his residuary estate to his son, Frank Palino.

There is presently pending an appeal by plaintiff herein from the probate of the will of the said Mike Palino, in the Orphans' Court of Allegheny County, and a citation was issued thereon, directed to Frank Palino and Joann Palino, his wife.

On December 30, 1960, an inventory was filed by Frank Palino, executor aforesaid, showing personal assets of said estate in the amount of $20,599.97. With the exception of an item of $216.00 Social Security benefits and an item of a distributive share of the estate of Dominick Paolino in the amount of $10,400.79, the inventory shows a savings account in the Mellon National Bank and Trust Company, Oakmont Office, in the amount of $5,730.63, and a savings account in the Pittsburgh National Bank, Verona Office, in the amount of $4,212.55. These latter two accounts are involved in this proceeding.

Not included in the inventory are the following:

1. Savings account in the Verona Building and Loan Association, in the names of Frank or Joann Palino. This account was created during the lifetime of decedent, to wit on January 22, 1960, some 10 months before the death of decedent on October 5, 1960.

2. The real estate in question herein, title to which was transferred by decedent, Mike Palino, to Frank

Palino and Joann Palino, his wife, defendants, by deed dated January 2, 1959, and recorded January 23, 1959, in deed book vol. 3761, page 577, which was a year and 10 months prior to the date of death of the said decedent.

The preliminary objections filed by defendants, Frank and Joann Palino, raise primarily the question of jurisdiction: to wit, that the Orphans' Court of Allegheny County has exclusive jurisdiction over the entire matter in the complaint, to wit the distribution of the real estate above mentioned, the account in the Verona Building and Loan Association, not included in the inventory and the two savings accounts included in the inventory in the Mellon National Bank and Trust Company and the Pittsburgh National Bank.

The jurisdiction of the orphans' court is entirely statutory and said court is a special tribunal for specific cases and is, therefore, a court of limited jurisdiction which can exercise only such power as is given it by statute, either expressly or by necessary implication: Way Estate, 379 Pa. 421, 430; Webb Estate, 391 Pa. 584; Henderson Estate, 395 Pa. 215.

The Orphans' Court Act of August 10, 1951, P.L. 1163, section 301, as amended, 20 PS §2080.301, provides, inter alia:

"The orphans' court shall have exclusive jurisdiction of:

"(1) Decedent's Estates. The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial . . .

"(13) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death . . .

"Sec. 302. Concurrent jurisdiction. The Orphans' Court shall have concurrent jurisdiction of:

"(1) Title to real estate. The determination of the persons to whom the title to real estate of a decedent or of the creator of an estate or trust subject to the jurisdiction of the orphans' court has passed by devise or descent or by the terms of the trust agreement: Provided, That nothing herein shall be construed to restrict the exclusive jurisdiction of the orphans' court to distribute real estate in an estate or trust within its jurisdiction."

"The jurisdiction of the Orphans' Court over the settlement, administration, and distribution of a decedent's estate is exclusive:

" '. . . [and] The court of common pleas, even as a court of equity, cannot interfere in a matter within the exclusive jurisdiction of the Orphans' Court' ": Trout v. Lukey, 402 Pa. 123, 126.

It cannot be questioned that the two savings accounts listed in the inventory, namely those in the Mellon National Bank and Trust Company and the Pittsburgh National Bank, are within the exclusive jurisdiction of the orphans' court for distribution, and cannot be adjudicated in an equity action in the common pleas court, for those accounts are in the hands of the personal representative of decedent: Berdar Estate, 404 Pa. 93; Rogan Estate, 394 Pa. 137; Craig Estate, 379 Pa. 157.

Defendant's contention that the orphans' court has exclusive jurisdiction to adjudicate the savings account in the Verona Building and Loan Association, poses a different question. This account was transferred to the names of Frank or Joann Palino on January 22, 1960. It was not in the nature of a bank account in the name of decedent at the time of his death and did not come into the hands of the personal

representative as forming any part of decedent's estate.

The title to the real property in question, as we have said above, passed to defendants Frank and Joann Palino, by deed dated approximately a year and 10 months prior to the death of decedent. The Act of August 10, 1951, supra, gives the orphans' court concurrent jurisdiction when title to real estate "passes by devise, descent or by the terms of the trust agreement." There is absent here any of these prerequisites for concurrent jurisdiction.

The individual defendants in their brief in support of the preliminary objections as to the real estate in question contend that "if the decedent or his estate had or has any rights in the real estate . . . they were vested in him, the said decedent, at the time of his decease and are now vested in said Frank Palino, as Executor of the Will of the said decedent, and therefore, the Court of Common Pleas of Allegheny County, Pennsylvania, has no jurisdiction in the matters complained of in these proceedings"; and further, that "the plaintiff has no rights whatsoever in any of the assets involved in these proceedings, so long as the will of the said decedent remains in effect . . . said will is not subject to collateral attack by proceedings in the said Court of Common Pleas in equity or otherwise. . . ."

We do not agree with these contentions. The title to the real estate passed prior to the death of decedent; it is not encompassed within the assets of decedent embraced within the will, and a proceeding in equity in the court of common pleas as to this title cannot be considered a collateral attack upon the will of decedent in the orphans' court. On the contrary, this controversy, as it relates to property not included in the inventory, is a proceeding between living persons over personal property not involved in the dis-

tribution of decedent's estate, and title to real estate which did not pass by devise, descent or by the terms of a trust agreement: Way Estate, supra; Patterson's Estate, 341 Pa. 177; Foulke's Estate, 334 Pa. 186; Cogan, Admr, v. Cogan, 10 Fiduc. Rep. 269.

It would be in the interests of justice and time saving if one court could decide all of the controversy between the parties. However, we can do nothing in this regard, as a court cannot take jurisdiction by consent or waiver: Hauger v. Hauger, 376 Pa. 216; Oteri Appeal, 372 Pa. 557. This is a matter that rests entirely with the legislature.

### Order of Court

And now to wit, June 6, 1961, after oral argument, submission of briefs and careful consideration thereof, for the reasons stated in the within opinion, the preliminary objections and demurrer to the complaint on the part of defendants, Frank Palino and Joann Palino, his wife, are sustained in part and overruled in part. It is, therefore, ordered and decreed that jurisdiction of the cause of action insofar as it relates to the following: (1) Savings account in the Verona Building and Loan Association standing in the names of Frank Palino and Joann Palino, his wife, and

(2) Real estate situated at 347 Jones Street, Verona, Pa., is in the Court of Common Pleas of Allegheny County, and that, as to the other items contained in the complaint in equity, the jurisdiction rests in the Orphans' Court of Allegheny County. It is further ordered that the motion of defendants, Frank Palino and Joann Palino, his wife, for judgment, be and the same is hereby refused.

It is further ordered that plaintiff amend her complaint in equity to conform to the within order of court, within 20 days from the date hereof.