## Tutelea Estate

*P. Raymond Bartholomew,* for accountant.
*Cyril Garvey* and *James A. Stranahan, 3rd,* contra.

ACKER, *J.*, September 23, 1974 — The matter for determination presently in this estate before this court is upon exceptions to the account of Martin E. Cusick, executor of the estate of decedent. Following a protracted and hard fought contest, this court ruled on January 4, 1974, that the instrument probated on July 6, 1972, by which Martin E. Cusick, Esq., was named executor, be set aside. The proponents of the will had 20 days from the date of the order to file exceptions. Failing to do so, Martin E. Cusick, Esq., as executor, filed a motion for entry of final decree on February 14, 1974. A rule was made returnable to February 26, 1974, and, following argument upon the same, an order was entered on March 5, 1974. There it was finally ordered and decreed that the purported will of July 6, 1972, be set aside, that Martin E. Cusick, Esq., as executor under the last will and testament of July 6, 1972, file a first and final account (being the account presently before the court), that John J. Regule, Esq., one of the co-executors under the last will and testament of July 26, 1970, proceed with the qualification of himself and other co-executors if they desire to serve and that, following their qualifications as executors, Martin E. Cusick deliver such instruments and other assets as may be in his possession in the administration of the estate and that he be relieved from further responsibility. A claim for reimbursement by the proponents of the July 6,1972, will for the payment of Dr. John Namey as a witness for the proponents in the amount of $125 was denied. The court specifically made no resolution of the proper disposition of either the attorney's fees or record costs incurred by Martin E. Cusick, executor, in that the same were withdrawn and presented through a final account.

The final account was filed pursuant to the order on April 1, 1974. Exceptions to the account were taken by Didina Fiul as beneficiary on May 6, 1974, and by the McDowell National Bank of Sharon and John J. Regule, co-executors under the last will and testament of Anna Tutelea on May 13, 1974. Answers to exceptions were filed on May 6, 1974, by Martin E. Cusick, Esq., as to the exceptions of Didina Fiul. An answer was filed as to the exceptions of McDowell National Bank and John J. Regule, Esq., on May 28, 1974.

The first exceptions as to both Didina Fiul and McDowell National Bank and John J. Regule concerns the credit claimed by Martin E. Cusick, Esq., for payment to Judie Hamed (now Mrs. Judie Seech), court reporter, in the total amount of $485.51 for a transcript of the proceedings involved in the contest of the invalid will.

The testimony in the will contest was received without the benefit of an interpreter but with considerable difficulty in understanding some of the witnesses. The contestant, Didina Fiul, herself, had but recently come to the United States, having been born and raised in Rumania. She had moved with her husband to Israel where he entered the army. She is in this country on a visa. At the conclusion of the testimony, the court, on May 3, 1973, asked each counsel whether they desired the record to be transcribed. Mr. Bartholomew, on behalf of the executor, Martin E. Cusick, stated that they would desire to have the record transcribed and the case set down for argument. The court responded:

"I really feel that it's better to have it transcribed. You have a better recollection and factual knowledge of what was said. A great deal of this was hard to follow because of the problem of lan-

guage. Let's follow that procedure and we will have it set down for argument."

Therefore, although the choice was given to counsel it was with the hearty agreement of the court. In addition, although the order was entered ex parte, the court on October 1, 1973, ordered and decreed that the estate of Anna Tutelea shall pay the court reporter of Mercer County, Mrs. Judie Hamed, for the original of the transcript.

The exceptions concerning the statement of the court reporter are denied.

A claim is made through the account as a credit for counsel for legal services to P. Raymond Bartholomew, Esq., in the amount of $1,340 concerning the will contest. All exceptants contest this claim. We concur in their position. As early as Mumper's Ap., 3 W. & S. 441 (1842), the rule was announced that whether a will is established or not is the concern of those who claim as legatees or devisees as opposed to those who claim as next of kin. The creditors and the rest of the world have no interest in the question. Therefore, it was concluded that it be just as well as equitable that those who have the immediate and direct interest in the question should be left to contest and bear all the costs and charges attending it, including the employment of counsel. This general rule was stated in Faust Est., 364 Pa. 529, 72 A.2d 369 (1950), at page 531:

". . . an executor has authority at the expense of the estate, to employ legal counsel *in a will contest*. Such a contest is between the testamentary beneficiary and the heirs or next of kin. An executor is, therefore, not a party. He is not required to defend the will. If, however, the executor does engage in the contest he must look for com-

pensation to those who authorized him to engage therein: Royer's Appeal, 13 Pa. 569; Yerkes's Appeal, 99 Pa. 401; Arnold's Estate, 252 Pa. 298, 97 A. 415; Fetter's Estate, 151 Pa. Superior Ct. 32, 29 A.2d 361." (Emphasis in original.)

This general rule was most recently used as authority through a footnote in Girt Est., 452 Pa. 156, 305 A.2d 372 (1973).

There are, of course, exceptions to the rule. In Lowe's Est., 326 Pa. 375, 192 Atl. 405 (1937), reimbursement for costs and attorney's fees where the executor is also a trustee and is required to defend the trust were allowed; where the executor is successful in defending the will and, therefore, has benefited the estate (Fetter's Est., 151 Pa. Superior Ct. 32, 29 A.2d 361 (1942)); and where testator imposed a duty upon the executor to defend the will. By proper language in the will, a testator can place the executor as more than a disinterested party as in Bennett Est., 366 Pa. 232, 77 A.2d 607 (1951). The case at bar does not fall within any of the three enumerated exceptions.*

The executor under the first probated will in this case relies on the conclusion of this court in a previous opinion in this same estate followed by an order of January 30, 1973, that he, as executor, is a proper party to the appeal. In that opinion, this court through the authority of the Appeal of Estate of W. L. Powell, 80 Pa. Superior Ct. 585, 586 (1923), quoted:

". . . 'There is no such legal entity as an "estate," "It is a convenient phrase sometimes to identify

---

* Many jurisdictions consider the executor to have a duty to defend a will contest and, therefore, to receive attorney's fees incurred in an attempt to establish or defeat a will: 40 A.L.R. 2d 1407, at 1411 (1955).

the subject of litigation in the orphans' court, and in proceedings in rem it may be treated as harmless superfluity, but as a designation of a party to be served with a writ it is unknown to the law": Jones v. Beal, 217 Pa. 182. See also Phila. v. Peters, 57 Pa. Superior Ct. 275. It cannot be made the plaintiff in an action as it is not a person and cannot sue or be sued.' "

This court also relied upon Casner v. Fisher, 22 D.&C. 2d 1 (1960); Lowry's Est., 26 D.&C. 200 (1936); Lohr's Est., 40 C.C. 159 (1912); and Evans Will, 8 Fiduc. Rep. 431 (1958).

To say that the executor is a necessary party is far from saying that the executor has the right and duty to engage counsel to represent his or the estate's interest in a will contest. This is particularly true where the proponents had competent counsel to represent themselves throughout. If they had not, it is possible that the executor could have received compensation for an attorney under the authority of Bennett's Estate, supra.

Wherefore, it is the conclusion of this court that the exceptions as to payment to counsel of the executor for services in connection with the support of the will must be denied.

Exception is taken to a credit of B. J. Dillon, investigation expense of $4.70. This is likewise in the category of compensation to the attorney. By answer to the exceptions, the executor states that it is clear from the record that the investigator interviewed various neighbors, talked with decedent's two physicians, collected rent and attempted to negotiate a sale with decedent's tenant and obtained decedent's hospital records, all involving considerable travel. Although some of these matters may properly be costs of administra-

tion of the estate, there was no evidence by which this court could determine the breakdown of the $4.70 between the endeavors which clearly would be in the administration of the estate as opposed to those supporting the will. Therefore, all must fall.

Although the exceptants object to the credit by the executor, Martin E. Cusick, Esq., of $592.44 to himself as executor and $592.44 to himself as attorney, each is calculated at the rate of five percent of the gross estate as set forth in the inventory and are pursuant to the custom of the bar approved by this court in prior cases. The exceptants have supplied this court with no authority, nor have they contended at the argument that the exceptions as to these items were improper. Wherefore, the exceptions as to the attorney's fee and executor's commission of Martin E. Cusick, Esq., are affirmed.

The exceptants object to the allowance to the law firm of Cusick, Madden, Joyce and McKay of legal fees for the preparation of the will and power of attorney and other legal services set forth in a statement of June 16, 1972. These services were all performed prior to decedent's death. An executor can claim as a creditor for services rendered or claims owed to the executor-creditor incurred prior to the death of decedent: Davidson's Est., 334 Pa. 389, 6 A.2d 73 (1939); Perri v. Chiavaroli, 370 Pa. 495, 88 A.2d 798 (1952).

None of the exceptants briefed or supplied any authority to this court for the proposition that payment for such services should not be allowed.

Wherefore, the exceptions as to the claim of the law firm of Cusick, Madden, Joyce and McKay in the amount of $100 are dismissed.

Finally, the exceptants, McDowell National Bank and John J. Regule, Esq., but not Didina Fiul, object to credits claimed by Martin E. Cusick, Esq., for filing fees and service by the sheriff of various papers dealing with the will contest and for a copy of the patient's chart (the decedent) at the Shenango Valley Osteopathic Hospital in the amount of $22.25. The latter clearly falls within the category of preparation for trial and is not a proper expense of the estate. The balance of the items excepted to, dealing with service of the complaint by the sheriff, reimbursement for filing fees for a petition, costs paid for the filing of a reply to new matter and order and unpaid costs of the register of wills in this court's opinion are all proper charges against the estate.

After this matter had been resolved in favor of the contestants, it is easy for the mind to conclude that the proponents should have abandoned their position at the outset and conceded. This was far from the truth. The proponents had a most valid sustainable position. The will was executed with what would appear to be a reasonable belief by the subscribing witnesses that testatrix did at the moment of the execution of the will have sufficient testamentary capacity. This was not an example of a raving maniac attempting to execute a will, but rather an elderly woman who had difficulty with the English language. It was only when testimony was received from a number of neighbors and persons in close proximity to testatrix that this court was able to conclude that, under the unusual facts of this case, testatrix was suffering under an insane delusion that Didina Fiul was attempting to kill her, had deceived her by claiming to be a doctor, was lazy and unwilling to perform domestic duties and was a woman of ill repute. Nothing of

this nature came out at the time of the execution of the will and the scrivener and witness would have no reason to know of it. To place the costs upon anyone other than the estate would be an injustice.

Wherefore, this court denies the exceptions to costs falling within the category of proper record costs.