J-A18024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: ESTATE OF GEORGE PORUPSKI | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: JOSEPH M. PORUPSKI | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1201 WDA 2021 |

Appeal from the Decree Entered September 9, 2021
In the Court of Common Pleas of Fayette County
Orphans' Court at No:  541 OC 1979

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

CONCURRING/DISSENTING MEMORANDUM BY STABILE, J.:

**FILED: NOVEMBER 7, 2022**

I concur in the Majority's resolution of Appellant's first four issues (regarding subject matter jurisdiction, laches, the orphans' court failure to conduct a hearing, and its failure to address unjust enrichment).  However, I disagree with the Majority's disposition of the issue involving the assessment of payment of fiduciary fees upon the Appellant who bears no responsibility for payment of fiduciary fees incurred by the estate.  Further, I write separately to call attention to a legal error in the determination by the orphans' court that Margaret Gunnoe ("Margaret") received a life estate under the will of her father, George Porupski ("Decedent").

As the Majority correctly observes, we employ a deferential standard of review when reviewing an orphans' court decree.  We consider whether the

record is free from legal error and whether the court's factual findings are supported by the evidence. Majority at 4 (citing **In re Fielder**, 132 A.3d 1010, 1018 (Pa. Super. 2016) (*en banc*)). With that standard in mind, I first note my belief that the court erred when it stated that Decedent's will devised a life estate in his residence to Margaret. Decedent's will did not convey a life estate. Rather, when he executed his will in January 1975, Decedent merely gave Margaret "the right to **use and occupy** the dwelling house" in which Decedent made his home. Decedent's Will, Item Second (emphasis added). Her right to use and occupy the residence was contingent on her upkeep of the home and her payment of taxes and insurance, and was subject to termination if her estranged husband occupied the home. **Id.** As in **Estate of Culig**, 134 A.3d 463 (Pa. Super. 2016), where the decedent's will contained similar language, Margaret "possess[ed] a right to reside rather than a life estate in the real estate[.]" **Id.** at 464. Hers was a mere right of privilege to occupy the dwelling. **See Baldesberger v. Baldesberger**, 105 A.2d 713, 716 (Pa. 1954) (interest given to decedent's unmarried children "was merely that of a privilege to occupy the property as a home and not the devise of a life estate; therefore it was a right of privilege which could be abandoned[.]").[1]

As the Majority recognizes, in 1983 and 1994, two of Decedent's children (Frank and George, Jr.) conveyed their interests in the real estate to

---

[1] We offer no opinion at this time as to what rights, if any, Margaret continued to enjoy after destruction of the dwelling.

Appellant's father, Joseph R. Porupski ("Joseph R."). Majority Memorandum at 2 n.1 and n.2. Therefore, as of 1994, Joseph R. and Margaret respectively maintained three-quarters and one-quarter interests in the residue of Decedent's Estate, which purportedly included no assets other than the real estate. There is no question that, as administrator, Joseph R. was authorized to sell "any real property not specifically devised." 20 Pa.C.S.A. § 3351. That statutory right clearly encompassed the right to sell property for payment of Decedent's expenses and debts, as directed in Decedent's will. ***See also*** 20 Pa.C.S.A. § 3311 (authorizing personal representative to sell real estate occupied by an heir or devisee). Assuming the real estate was the only asset left in the estate when it was sold to Joseph M., the residuary of the estate would include only the proceeds from the sale of the real estate from which to pay expenses.

While I concur in most respects with the Majority's disposition of Appellant's issues—tempered by my observations outlined above, I do not agree with the Majority's determination that Appellant should bear one-half of the fees awarded to the Administrator and therefore dissent. As Appellant correctly asserts, he was not named in Decedent's will. His interest in the real estate came to him by virtue of a deed from his father, Joseph R., in his capacity as executor. Decedent's estate, not Appellant, was responsible for payment of the fiduciary fees owed by the estate.

Again assuming the only asset of Decedent's estate was the real property, which the Administrator has identified as comprising the "Principal for Distribution" in the Account filed with the orphans' court, then payment of the debts and expenses of the estate—and in particular here, the expenses charged by the Administrator, are to be paid out of the residuary. The debts and expenses are the responsibility of Decedent's estate, and administrative expenses are properly paid from the estate. ***See, e.g.***, 20 Pa.C.S.A. § 3392. ***See also Faust's Estate***, 73 A.2d 369, 270 (Pa. 1950) (recognizing that fees of legal counsel are a just charge as estate administrative expenses, with the amount being within the discretion of the court below). The order imposing an obligation to pay estate fiduciary fees upon Joseph M., who is not personally liable for estate expenses, was in error.

Therefore, I would remand to the orphans' court with instructions for the court to direct payment of the Administrator's expenses from the Decedent's estate. Following payment, the residuary would then be distributed to Joseph R. and Margaret, who would receive a three-quarter share and one-quarter share of the residuary, respectively.

For these reasons, I concur in part and dissent in part.